MARY H. WOOD AND ORVIS D. WOOD v. TOWNSHIP OF NORWOOD.

*One who votes to levy a tax cannot object to pay it.*

One cannot maintain assumpsit to recover back the amount paid by him in satisfaction of a tax which, as a member of the board of supervisors, he voted to impose without presenting objections to its levy that he knew of at the time.

Error to Charlevoix.  (Ramsdell, J.)  Oct. 24.—Oct. 31.

ASSUMPSIT.  Defendant brings error.  Reversed.

*E. H. Green* and *N. A. Earle* for appellant.  A supervisor who has voted to authorize a levy of taxes knowing all relevant facts, is estopped from questioning its legality : Herman on Estoppel § 574 ; *State v. Lehre* 7 Rich. 264 ; *Rex v. Trevenen* 3 B. & A. 339 ; *Warren v. Grand Haven* 30 Mich. 24.

*Cruickshank & Grier* for appellee.

CAMPBELL, J.  This was an action of assumpsit for money had and received, begun in the circuit court for the county of Charlevoix, to recover back the amount of certain town-

ship taxes paid under protest, as illegal. The illegality
urged on the trial consisted in raising money to refund to
the town treasurer funds which it was alleged had been
stolen. The whole amount of taxes paid under protest was
$32.47, as set forth in the bill of particulars, and the portion
of this for which the jury gave a verdict was $3.60. Upon
this judgment was rendered for plaintiffs with costs of suit.
No error was assigned on the allowance of costs. There
was no reduction by set-off.

Several questions arose on the trial, but most of them
become unimportant in the view we take of the case. We
are inclined to think there was evidence enough to go to
the jury. But it appeared from the testimony of Orvis D.
Wood, who was the party taxed and who paid the tax, that
he was a member of the board of supervisors, being super-
visor of Charlevoix, and as such voted for imposing the whole
tax in question, and he, according to his own statement,
knew of the moneys stolen, and was familiar with the
money matters of Norwood. The court refused to charge
that if he, knowing the condition of the township funds,
made no objection before the board of supervisors, but on
the contrary voted for levying the tax, he should not re-
cover.

The tax law expressly authorizes the board of supervisors
to examine into the certificates of money to be raised in
townships, and directs that "they shall hear and duly con-
sider all objections made to raising any such moneys, by any
tax-payer to be affected thereby." Acts of 1882, p. 15 § 24.

Under these circumstances the plaintiff can hardly be
allowed to complain of his own act, and recover back taxes
which probably would not have been laid if he had made
timely objection. We think this objection should have
been considered, and that there was error in ruling against it.

The judgment must be reversed with costs and a new
trial granted.

The other Justices concurred.