[No. 1307. Decided October 18, 1894.]

HAZEN O. BALL, *Appellant*, v. THE CITY OF TACOMA, *Respondent*.

STREETS — DEDICATION — IMPROVEMENT TO GRADE — ESTOPPEL OF PROPERTY OWNER.

Where a property owner joins in a petition to a city council to improve a certain street, whose improvement as prayed for would necessitate the appropriation of a portion of such petitioner's land, and the city has acted upon such petition and improved the street and occupied it as a public highway for upwards of three years, a dedication will be presumed, and the owner can recover nothing for the land so taken and occupied by the city as a street.

Where a property owner petitions for the improvement of a street by grading same to the established grade, etc., he is estopped from recovering damages, if the city, in making the improvement, cuts down the land in front of his premises so as leave his lot greatly above the level of the street, when he stood by and observed the progress and character of the improvement.

A petition to the city council to grade a street to an established grade authorizes the city to make any reasonable grade, and damages cannot be recovered unless a showing is made that the grade adopted was unreasonable.

*Appeal from Superior Court, Pierce County.*

*Hudson & Holt*, for appellant.

*F. H. Murray*, and *S. A. Crandall*, for respondent.

The opinion of the court was delivered by

STILES, J. — Appellant commenced this action to recover against respondent damages for the taking of certain lands for the purposes of a street, and for damages accruing to the remainder of the tract by reason of the manner of grading the street, which resulted in leaving his lot several feet above the level of the sidewalk. The case developed the following facts: Appellant was the owner of a small tract of unplatted land, about one-sixth of an acre in extent,

measuring 55 by 132 feet.    The tract lay about midway between Yakima and Tacoma avenues, which were some seven hundred feet apart.    Carr street, one hundred feet in width, was an existing street as far as the north side of Yakima avenue, and appellant's lot lay in such a position that the extension of Carr street southward to Tacoma avenue would include 43 feet off the west end of appellant's lot.    Under these circumstances appellant joined with other owners of similar tracts in a petition to the city council, asking that land one hundred feet in width between Yakima and Tacoma avenues, which would be an extension of Carr street, be improved at the expense of the owners of property fronting upon the same, such improvements to consist of grading to the established grade and building sidewalks.    The petition was granted and the improvement made, and appellant paid his share of the cost thereof.    He now seeks to recover for the portion of his land occupied by the improvement, and for damages to the remainder of the tract.

Under instructions given by the court that the jury might consider the petition for the improvement as evidence tending to show a dedication, as a result of which plaintiff would be entitled to nothing for the land taken, and that by reason of the request made to the city to make the improvement, appellant could have nothing by way of damages for cutting down the street in front of the remainder of his tract, the jury found for the respondent. The course taken by the court, we think, was, under both authority and good sense, a correct one, and we cannot see how the appellant can have any reason to complain.    There was an invitation to the public, represented by the city, to occupy the land as a street, and the evidence of acceptance of this offer by the improvement made and upwards of three years' use. Elliott, Roads and Streets, p. 92.

There was some controversy at the trial over the ques-

tion whether the street as graded conformed to the established grade mentioned in the petition, and intended by the petitioners to be the grade to which the street was to be reduced. It was claimed that as a matter of fact at the time the petition was presented, there was no established grade at all, and that there was some sort of an understanding as to where the level of the street would be, which was violated by the city in the prosecution of the work so that the level of appellant's lot was left higher above the sidewalk than he had supposed it would be. Nothing of this kind was pleaded in the complaint, and even had it been pleaded it is difficult to see upon what ground appellant could recover damages for such a departure, inasmuch as he resided upon his lot, and the operations of the city were conducted under his everyday observation. Moreover, we consider that the petition for a grade between Yakima and Tacoma avenues authorized the city to make any reasonable grade between those two streets, and there was no attempt to show that under the circumstances of the case there was anything unreasonable in the grade adopted.

Other errors alleged are immaterial in this view of the case, and the judgment is, therefore, affirmed.

DUNBAR, C. J., and SCOTT, HOYT and ANDERS, JJ., concur.