[No. 2955. Decided September 27, 1900.]

CITY OF SEATTLE, *Respondent*, v. ALICE S. HILL, *as Executrix and Guardian, et al., Appellants.*

STREETS—COMMON LAW DEDICATION.

The platting by an owner of a tract of land showing an extension of a street through the tract, and the acceptance and approval of the plat by the city council, the body vested by the charter with authority over the city highways, followed by a petition of the owner and others for the improvement of the street thus shown by the plat to be extended through his land, which the council caused to be improved in accordance with the petition, show such an intent on the part of the owner to devote his land to a public use and such an acceptance by the public as to constitute a common-law dedication.

SAME—REVOCATION OF DEDICATION.

The fact that such dedication was not thereafter recognized by the owner, and the land was subsequently conveyed by him, without reservation, to a grantee who subsequently laid off the tract under a new plat, would not affect the right of the city to collect assessments against the lots under the original plat for the improvement of the street attempted to be extended in front of them.

STREET IMPROVEMENTS—REGULARITY OF PROCEEDINGS—ESTOPPEL.

Where a person has signed a petition for an improvement, which can only be paid for by means of an assessment upon contiguous property, he and his grantees are estopped from contesting the validity of the assessment, especially after the work has been completed and accepted by the proper authorities.

SAME—VALIDITY AS AGAINST GRANTEES.

Where there was a valid assessment against land appearing of record at the time the grantees acquired title, and of which they must be deemed to have had constructive notice, they must be held to have received the benefits resulting from the improvement and to have taken the land subject to the consequent burden.

SAME—ENFORCEMENT    OF    ASSESSMENT—RECOVERY    OF    INTEREST AND PENALTY.

In an action by the city of Seattle to enforce collection of an assessment for a street improvement, where the assessment pro-

ceedings were not entirely regular, the plaintiff is not entitled to a judgment for interest and penalties, accruing by reason of the non-payment of such assessment, but is merely entitled to judgment for the assessment alone, under the terms of its charter (Laws 1885-86, p. 243, § 10), which provide that in such actions the plaintiff is entitled to a decree in its favor notwithstanding any defect, informality or irregularity in the proceedings; but, if defects, informalities or irregularities prejudicial to the party objecting appear, the court may disallow any part or the whole of plaintiff's costs or allow costs to the defendant; and, in case of the regularity of the proceedings, the plaintiff shall be entitled to the full amount of the assessment with interest at the rate of ten per cent. per annum, and five per cent. additional as penalty and damages for delay.

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge. Modified.

*Bausman, Kelleher & Emory,* for appellants.

*Pratt & Riddle* (*W. E. Humphrey,* of counsel) for respondent:

The right to make common law dedications is not usually precluded or abridged by statutory regulations providing for dedication in certain specific ways. *Sargeant's Heirs v. State Bank,* 4 McLean, 339. An incomplete statutory dedication may become one at common law by acceptance by the public. *Fulton v. Mehrenfeld,* 8 Ohio St. 440; *Maywood Co. v. Village of Maywood,* 6 N. E. 866. The original owner is precluded from revoking dedication where property is set apart for the public use and enjoyed as such, and private and individual rights acquired with reference to it, the law considering it in the nature of an estoppel *in pais.* *Cincinnati v. White's Lessee,* 6 Pet. 431 (8 L. ed. 452); *Sarpy v. Municipality No. 2,* 9 La. An. 597 (61 Am. Dec. 221). Acceptance of dedication by the public is for the purpose of holding the public responsible for the keeping of streets in repair, and may be gathered from facts and circumstances, for

no particular form of ceremony is necessary. *Cole v. Sprowl,* 35 Me. 161. All that is necessary being the assent of the owner of the land, and the fact of its being used for the purposes intended by the appropriation. *David's Heirs v. New Orleans,* 16 La. An. 404 (79 Am. Dec. 586) ; or by formal acceptance by the municipality. *People v. Jones,* 6 Mich. 176.

Upon the point as to the sufficiency of the facts in the case to establish a dedication, counsel cite *State v. Trask,* 6 Vt. 355 (27 Am. Dec. 554); *Clark v. Elizabeth,* 40 N. J. Law, 172; *Denver v. Clements,* 3 Colo. 472; *Price v. Plainfield,* 40 N. J. Law, 608; *Bartlett v. Bangor,* 67 Me. 460; *Pierpoint v. Town of Harrisville,* 9 W. Va. 215; *Lockland v. Smiley,* 26 Ohio St. 94; *Diedrich v. Northwestern Union Ry. Co.,* 42 Wis. 248 (24 Am. Rep. 399); *Shanklin v. Evansville,* 55 Ind. 240; *Town of Derby v. Alling,* 40 Conn. 410; *Preston v. Navasota,* 34 Tex. 684; *Hannibal v. Draper,* 15 Mo. 634; *Schenley v. Commonwealth,* 36 Pa. St. 62; *Dubuque v. Maloney,* 9 Iowa, 451 (74 Am. Dec. 358).

The opinion of the court was delivered by

ANDERS, J.—In compliance with a petition presented by property owners, the city of Seattle caused Washington street to be graded and sidewalks to be constructed thereon, from Twelfth to Sixteenth street, in said city. The work was done by contractors, and the cost of the improvement was assessed against the property abutting upon that portion of the street so improved. This action was brought to enforce the collection of the assessment levied against the property of appellants for its proportion of the expense of said improvement. Upon the trial in the superior court, a decree was rendered in favor of the city, establishing a lien upon the property described in the complaint, for the whole amount of the assess-

ment, together with the penalty and interest provided for
by the city charter, and ordering a sale of the premises to
satisfy the same.  From this judgment and decree the
defendants appealed.

It is contended by the learned counsel for the appel-
lants that the assessment was void *ab initio,* for the reason
that the city council never acquired jurisdiction to levy
it.  This alleged want of jurisdiction is predicated upon
the assumption that the land which was graded and im-
proved as a street was, at the time, the private property
of one W. C. Hill, and had not been laid out or traveled
as a street, or dedicated to the public for such purpose.
And, if that assumption is in accordance with the facts
presented by the record, it must be conceded that the city
was without power to levy the assessment complained of,
and that the whole proceeding in that respect was null
and void.  The power of the city as to grading streets
and constructing sidewalks is defined in §8 of the charter
as follows:

"The city of Seattle shall have power to construct side-
walks, and to curve, pave, grade, macadamize and gutter
any street or streets, highway or highways, alley or alleys
therein, or any part thereof, and to levy and collect special
taxes or assessments on all lots and parcels of land front-
ing on any such street or streets, alley or alleys, highway
or highways, so improved, or any part thereof, sufficient
to pay the expense of such improvement; and for such pur-
pose may establish assessment districts, embracing all
lots and parcels of land subject to assessment for such
purposes."  Laws, 1885-6, p. 241.

And from this provision it is manifest that the legisla-
ture did not undertake, or even pretend, to authorize the
city to enter upon private property for the purpose of
making improvements of this character.  The first ques-
tion, therefore, for determination is, was the locality

where the improvement was made for which appellants' land was assessed, a public street? Counsel for the respondent insist that it was, and the court below was evidently of that opinion. We are also of the opinion that the *locus* in question was a street, and that it became such by dedication by the then owner of the land. The facts upon which we base our conclusion are these: In the year 1889, W. C. Hill was the owner of a tract of land containing one hundred acres, the west boundary line of which constituted the eastern terminus of Washington street. During that year Mr. Hill made and acknowledged a plat designated as "W. C. Hill's Addition to the City of Seattle," and showing an extension eastward of Washington street through his one hundred acre tract for the distance, at least, of one block, consisting of lots consecutively numbered. The lots on one side of the street, as extended, constituted block 1, and those on the other side, block 13, according to the plat. The space between these two blocks was graded and improved as part of Washington street, and the assessment in question was levied on the several lots fronting thereon. It seems to have been Mr. Hill's purpose to sell the platted lots, but we find no evidence in the record showing that any of such lots were actually sold by him. This plat was not recorded in the office of the county auditor, and therefore did not of itself, under our statute, operate as an effectual dedication to the public of the land delineated thereon as a street. But it does not follow that, because there was no statutory dedication in this instance, there was no dedication at all, for the provisions of statutes upon the subject do not preclude the making of dedications in accordance with the established rules of the common law. It is held by numerous authorities, and may be said to be an established principle of law, that "an incomplete or defective statutory

dedication may, when accepted by the public, or when rights have been acquired thereunder by third parties, operate as a common law dedication." 9 Am. & Eng. Enc. Law (2d ed.), p. 36. See, also, Elliott, Roads & Streets, p. 86; 2 Dillon, Municipal Corporations (4th ed.), § 628.

There are two things which are absolutely essential to a valid common law dedication, viz.: (1) An intention on the part of the owner to devote his land, or an easement in it, to a public use, followed by some act or acts clearly and unmistakably evidencing such intention; and (2) an acceptance of the offer by the public. In making a dedication, no particular formalities are necessary. The statute of frauds is not applicable in such cases, and therefore a deed or other instrument of writing is not necessary, though, of course, a dedication may be made by deed. The intention to make a dedication may be shown by particular acts of the owner, such as throwing open his land to public travel, or platting it and selling lots with reference to the plat, or acquiescing in or positively assenting to its use by the public, or, in short, by any act positively and unequivocally indicating such intention. See *Harding v. Jasper,* 14 Cal. 642; *Godfrey v. Alton,* 12 Ill. 29 (52 Am. Dec. 476).

The acceptance by the public may be either express or implied. An express acceptance is evidenced by some formal order of the body or officer having jurisdiction in such matters accepting the dedication in express terms. Elliott, Roads & Streets, p. 115. And it may be stated as a general proposition that the officials who are charged with the care and control of highways, and who are vested with authority to lay out and open streets, have also authority to accept dedications of land for such purposes. 9 Am. & Eng. Enc. Law (2d ed.), p. 46.

The authority to open, repair, and improve streets, alleys, and highways was conferred upon the city of Seattle by its charter, and, as the city council was the only body by which the authority could be exercised, it follows that it was empowered to accept dedications of streets on behalf of the public.  An acceptance may be implied from acts of the proper public authorities, showing that dedicated lands are considered and treated as public streets and highways.  "Where control of a way is assumed by the authorities representing the public corporation, an acceptance will be implied."  Elliott, Roads & Streets, p. 115.

Applying the principles above stated to the facts of this case, it clearly appears that the land claimed to have been exclusively private property at the time it was graded and improved by the city was in fact a street by dedication.  When the owner of the land exhibited to the common council a plat purporting to represent an addition to the city, and upon which there was marked the street involved in this controversy, with contiguous lots and blocks appropriately designated thereon, and asked the council to approve the same, we think he very clearly evinced an intention to dedicate the street to the public. And it is equally clear that when the common council formally approved the plat, and caused such approval to be entered in the records of its proceedings, they expressly signified their acceptance of the dedication of the street.  But this is not all that was done in that regard. The owner of the land, with others, presented a petition in writing to the common council soliciting that body to grade this street and construct sidewalks thereon; and, in causing the work to be done in accordance with the petition, the council recognized the existence of the street and treated it accordingly.  And those acts on their part,

as we have seen, amounted to an acceptance of the dedication of the land for the purpose of a street. Upon acceptance, the dedication became complete and irrevocable, and the dedicator and his grantees were thereafter precluded from asserting any ownership in the land inconsistent with its use as a public street. See *Harding v. Jasper, supra; Godfrey v. Alton, supra,* 9 Am. & Eng. Enc. Law (2d ed.), p. 34.

If the deed made by Hill in 1892, by which he conveyed to appellant Snipes, without reservation, the tract of land of which the street was a part, had been executed before the acceptance and improvement of the street by the city, there would be much force in the argument that that transaction showed an intention on the part of Hill not to dedicate the land. But that deed did not defeat or revoke the dedication, and the fact that Snipes subsequently laid off and platted the whole tract originally owned by Hill is quite immaterial, so far as this case is concerned.

It is further contended by the appellants that, even if there was a dedication of the street by Hill, the assessment was nevertheless null and void, for the reason that the provisions of the charter and of the ordinances upon the subject of assessments for street improvements were not pursued with sufficient strictness. But, while it is true that the record discloses some irregularities in the assessment proceedings, it does not appear that the owner of the land was prejudiced thereby, or that his property was not benefited to the extent of the assessment. It is clear that the common council possessed jurisdiction to order the improvement and levy the assessment, and it appears that all the notices required by the general ordinances to be given to property owners were published in the official

newspaper of the city for the required time. In view of these facts, and of the provisions of § 10 of the charter, it would seem that the assessment was properly held valid, "notwithstanding any defect, informality, or irregularity" in the proceedings. And, besides, we are of the opinion that the appellants ought not to be heard to complain of defects and irregularities in the assessment proceedings. The party through whom they derived whatever title they have to the land was actively instrumental in inducing the proceedings which are now called in question, and it is not shown anywhere in the record that he ever made the slightest objection to the mode of levying the assessment, or the amount thereof, or even to the character of the work. It is not necessary at this time to determine whether the mere failure on the part of one whose land is being assessed for a local improvement, and who has not himself requested the municipality to make it, to object to the proceedings at the proper time, will preclude him from afterwards objecting, as some courts seem to have held, for that question is not properly in this case. But we are constrained to hold that, after a person has signed a petition for an improvement, which can only be paid for by means of an assessment on contiguous property, he is estopped from contesting the validity of the assessment, especially after the work has been completed and accepted by the proper authorities. Cooley, Taxation, p. 819; *Ball v. Tacoma,* 9 Wash. 592 (38 Pac. 133); *Motz v. Detroit,* 18 Mich. 495; *Wood v. Township of Norwood,* 52 Mich. 32 (17 N. W. 229); *Ricketts v. Spraker,* 77 Ind. 371; *Patterson v. Baumer,* 43 Iowa, 477; *Ferson's Appeal,* 96 Pa. St. 140; Elliott, Roads & Streets, 423.

It will be seen from what we have said that, at the time these appellants acquired their title to the land in controversy, there was a valid assessment against it

appearing of record and of which they may be deemed
to have had at least constructive notice. They received
the benefits resulting from the improvement and must
be held to have taken the land subject to the consequent
burden.

But in one particular the judgment of the learned
trial court is erroneous. The charter under which this
action is instituted, after providing for the collection of
local assessments by action or suit, and specifying what
is a sufficient statement of a cause of action, provides
as follows:

"In any such action or suit, if it shall appear to the
court on the trial thereof that the work has been done
* * * in making improvements authorized by the
council for which, under the provisions of this act, special
assessments may be levied, the court shall decree against
the premises and in favor of the city, * * * to the
extent of the proportion of the reasonable value of such
work * * * justly chargeable to such premises,
notwithstanding any defect, informality or irregularity
in the proceedings. But in such case, if defects, infor-
malities or irregularities, prejudicial to the party object-
ing on account thereof appear, the court, in its discretion,
may disallow any part or the whole of the plaintiff's
costs, or allow costs to the defendant; and if the assess-
ment proceedings shall appear to be regular, the plaintiff
shall be entitled to include in the recovery the full amount
of the assessment and interest thereon at the rate of ten
per cent. per annum, from the time when the assessment
shall have become delinquent, and five per cent. additional
as penalty and damages for delay." Laws, 1885-86, p.
243, § 10.

In this case it is not claimed that the amount of the
assessment, if it is a valid one, is beyond the reasonable
value of the work chargeable to the premises of the appel-
lants, and therefore judgment was properly entered for
the full amount of the assessment. But, inasmuch as

the assessment proceedings were not entirely regular, the respondent was not entitled to include in the recovery the interest and penalty specified in the provision of the charter.above quoted.

The judgment and decree must therefore be modified by excluding therefrom the amount of the interest and penalty, and, as so modified, it must be affirmed.    Costs will not be allowed to either party in this court.

DUNBAR, C. J., and REAVIS, J., concur.