[No. 6473.   Decided January 11, 1907.]

A. M. PETTERSON et al., Appellants, v. WILLIAM WASKE, Respondent.[1]

HIGHWAYS—PRIVATE WAYS—ADVERSE USE—PRESCRIPTIONS—EVIDENCE—SUFFICIENCY. The evidence is insufficient to establish either a public or private way by prescriptive use, where it appears that the land in question was an uninclosed school section, used and traveled over at will in all directions by the people residing in the vicinity, that travel followed no fixed or definite track after leaving appellants' adjoining premises, and the way in question was used only by the owners of such property, and such use was interrupted by lessees of the school land and the interruption acquiesced in by the payment of a consideration for the use of the way prior to the expiration of the statutory period of ten years.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered June 12, 1906, in favor of the defendant, upon sustaining a challenge to the sufficiency of the evidence, in an action for damages for the obstruction of a public highway. Affirmed.

Prather & Kerby, for appellants.

Swanson & Ripley, for respondent.

[1]Reported in 88 Pac. 206.

FULLERTON, J.—This is an action to recover damages caused by the obstruction of a roadway claimed to be a public highway. On the trial, at the conclusion of the appellants' case in chief, the respondent interposed a challenge to the legal sufficiency of the evidence, which challenge the trial court sustained, and discharged the jury and entered a judgment in favor of the respondent. The appeal is from the judgment so entered.

The appellants sought to show that the roadway had become a public highway by prescription, and the sole question on this appeal is the sufficiency of the evidence to justify a finding by the jury to that effect. The character of the use necessary to establish a highway by user has been often before this court. We have held that the use to be sufficient for that purpose must be an actual, uninterrupted, continuous use by the general public under a claim of right for a period of ten years; that it must be adverse to the owner of the property, and while such owner is without disability in law to assert and enforce his rights; and that use by license or permission of the owner, or while he is under disability, is not such a use as will create a public easement. *Shell v. Poulson*, 23 Wash. 535, 63 Pac. 204; *Megrath v. Nickerson*, 24 Wash. 235, 64 Pac. 163; *Yakima County v. Conrad*, 26 Wash. 155, 66 Pac. 411; *Wasmund v. Harm*, 36 Wash. 170, 78 Pac. 777; *Seattle v. Smithers*, 37 Wash. 119, 79 Pac. 615.

The use made of the roadway in question, it seems to us, falls far short of establishing a public highway under these requirements. The record shows that the appellants are the owners of block 13, in Spring Lake addition to the city of Spokane. On the west boundary of their property is a public highway known as Oak street. The south boundary is the north line of section 36, a school section which formerly belonged to the state of Washington. The barn and other out-buildings on the appellants' premises are situated toward the rear thereof, probably 175 feet from Oak street.

To reach them the appellants and their predecessors in interest traveled along the south line of their property over the school land, entering the block some 100 feet east of Oak street. To the rear of the appellants' premises was a house used by a Spokane firm for storing powder, and farther on was Hangman creek. The school section, prior to 1901, was unenclosed, people traveled over it at will in all directions, pastured stock upon it, held church ceremonials and picnic parties upon it, and made such use of it generally as is usually made of unenclosed property by people who reside in its immediate vicinity. In so using the property these people sometimes passed over the way immediately south of the appellants' premises; and the parties using the powder house, and boys going from Oak street to Hangman creek, sometimes passed over the same way. The travel, however, followed no fixed or definite track after it left the east end of the appellants' premises. In 1901 the state leased the school land to a Mr. Nichols, who shortly thereafter enclosed it. In making the enclosure he left an alleyway extending back from Oak street some 200 feet, forming a *cul de sac*. He refused, however, to recognize any right in the then owner of the premises now belonging to the appellants to use the alleyway, and their differences were settled by the owner paying a consideration for that privilege. Later this owner sold to appellants, and the state sold to the respondent. On acquiring the state's title to the property, the respondent closed up the alleyway, whereupon the appellants brought the present action.

As we say, these proofs seem to us insufficient to establish this way as a public highway. Plainly there was no adverse user of the way by the general public. Such use as was made of it by the appellants and their predecessors in interest, even if continued for a sufficient length of time, could have done no more than create a private easement, transferable perhaps by a transfer of the land to which it was appurtenant, but the general public would have had no rights

therein.   But there was not even a sufficient use to create a private way.   It could hardly be said to have become fixed prior to 1901, and in that year it was interrupted by the owner of the adverse interests, and that interruption acquiesced in by the then owner of the appellants' premises.

The evidence being insufficient to justify a verdict finding the way to be either a public or private way, the court did not err in taking the case from the jury.   The judgment is affirmed.

MOUNT, C. J., CROW, DUNBAR, HADLEY, and ROOT, JJ., concur.