## JENKINS v. OKLAHOMA CITY *et al.*

No. 615.     Opinion Filed September 13, 1910.

(111 Pac. 941.)

1.  **MUNICIPAL CORPORATIONS—Paving—Resolutions—Sufficiency of Publication.** A resolution for grading, draining, curbing, and paving certain lots that was published daily in a daily newspaper of general circulation, the first publication being August 30 1905, and the last publication September 26, 1905, was published for four consecutive weeks, in conformity with that part of section 444, Wilson's Rev & Ann. St. 1903, which provides that "such resolution shall be published for four consecutive weeks in some newspaper of general circulation in the city."

2.  **MUNICIPAL CORPORATIONS—Paving Assessment—Right to Injunction.** Unless the whole assessment for the purpose of grading, draining, curbing, and paving a street is void, a case for injunction cannot be maintained, for he who seeks equity must do equity. If any part of the assessment against the owner's land is valid, he cannot have an injunction unless he has paid or offered to pay such part as is valid.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by John S. Jenkins against Oklahoma City and others.  Judgment for defendants, and plaintiff brings error.  Affirmed.

John S. Jenkins, pro se.

Burwell, Crockett & Johnson and James S. Twyford, for defendants in error.—On sufficiency of publication: Weeks v. Hull, 19 Conn. 376; O'Connor v. Town, 1 Texas, 107; McCulloch v. Harper, 7 N. J. Law, 336. On right to remedy of injunction: Redick v. Omaha, 52 N. W. 848; Greenbell v. City of Des Moines, 10 N. W. 332; Morrison v. Hershire, 32 Iowa, 271; Loesnitz v. Sellinger (Ind.) 25 N. E. 1037; Jones v. Holzapple, 11 Okla. 405; Tabers v. Ferguson (Ind.) 9 N. E. 723; City of Ottawa v. Louis A. Barnett, 10 Kan. 270; Gulf R. R. Co. Ltd. v. Morris, 7 Kan. 210; Leavenworth v. Lang, 8 Kan. 284; Easterbrook v. O'Brien, Tax Collector (Calif.) 33 Pac. 765; Meggett v. City Eau Claire, 51 N. W. 566; City of Paola v. Russell et al., (Kan.) 89 Pac. 651; Wells v. City of Milwaukee et al. (Wis.) 70 N. W. 1071; Central R. R. Co. v. Lincoln Co., 67 Wis. 478; Canfield v. Bayfield, 74 Wis. 60; Duncan v. Lankford, 145 Ind. 145; Studebaker v. Studebaker (Ind.) 51 N. E. 933; Denver v. Kennedy (Colo.) 80 Pac. 122; High on Injunctions (3rd Ed.) 497.

KANE, J.   This was a suit commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, to enjoin the mayor of the city of Oklahoma City from issuing certificates against certain lots of said city for the cost of paving, draining and curbing the street whereon the lots are situated.   The defendant, the Cleveland-Trinidad Paving Company, the company who made the improvements in question, was made a party to the action, and all the defendants answered, alleging compliance with the law.  The court below refused to grant the plaintiff the relief prayed for, and to reverse this order this proceeding in error was commenced.

The court below made special findings of fact and conclusions of law fully covering the proceedings had before the city

authorities.   In relation  to the resolution for grading, draining, curbing and paving Fifth street, the street whereon the lots involved herein are situated, the court found that said resolution was published for four consecutive weeks in the Daily Times-Journal, a newspaper of general circulation in Oklahoma City; the first publication being August 30, 1905, and the last publication September 26, 1905.   Section 444, Wilson's Rev. & Ann. St. 1903, provides that:

"Such resolution shall be published for four consecutive weeks in some newspaper of general circulation in the city; and if the owners of a majority of the lots or parcels liable to taxation therefor, shall not, within twenty days thereafter, file with the clerk of said city, their protest against such improvements, then such council shall have the power to cause such improvements to be .made and to contract therefor and to levy the taxes as herein provided."

Counsel for plaintiff in error contends that said resolution was published twenty-seven days, and not four consecutive weeks, as required by statute, and for that reason the council was without jurisdiction to proceed.   We think the notice was published for four consecutive weeks as required by law.   The notice ran in the Daily Times-Journal twenty-eight consecutive times, twice in August and twenty-six times in September.   There are just twenty-eight days in four weeks, and a publication each day for that length of time, to our mind, constitutes a strict compliance with the statute.   The city council having acquired jurisdiction of the parties and subject matter in controversy, there is no other question raised that can be reviewed, as the proceeding below must be treated as a collateral attack.

"The weight of authority is very decidedly in favor of the rule that, where there is jurisdiction, the property owner who sees the improvement made and offers no objection until after the work has been done cannot defeat the assessment upon the ground that the proceedings have not been regular.   In some of the cases the rule is restricted to cases where the error, or irregularity is not a substantial one, but this seems an unreasonable limitation of an equitable and salutary principle.   It is evident that the

courts have, in some instances, narrowed the rule, because they have concluded that, if it be applied, title may be lost; but this result is not a necessary sequence, for the property owner may protect his title by doing equity, that is, by paying the assessment, and this he ought to do wherever he has received a benefit and the proceedings are not wholly unauthorized." (Elliott, Roads & Streets, § 589; *Appeal of the City of Pittsburgh,* 118 Pa. 458, 12 Atl. 366; *Barker v. Omaha,* 16 Neb. 369, 20 N. W. 382; *Heath v. McCrea,* 20 Wash. 342, 55 Pac. 432; *Studabaker v. Studabaker,* 152 Ind. 89. 51 N. E. 933.)

Mr. Elliott, further discussing this question (section 590), says:

"Public works are undertaken, as every one knows, under authority delegated by law to public officers, and there is little or no reason why a property owner, who has full notice of what is being done, should be allowed to stand by in silence until the work is completed and then escape paying for the benefit his property has received. If he would avoid this result, he should act promptly, and, if he fails, he should not demand that the persons who had done the work should go unpaid. There has been, in many cases, we venture to affirm, a sacrifice of justice in the application of the abstract principle, right and just in itself, but harsh and unreasonable when carried beyond its proper limits, that the rights of the citizens cannot be affected by proceedings *in invitum* unless the statute is rigidly adhered to, for that principle has been extended to cases to which it does not justly apply. The fundamental error is in assuming that a citizen who stands by until the work is done comes within the principle, for that principle does not aid those who seek to make it an instrument of injustice. If the party who assails the assessment has induced the officers to enter upon the work, his complaint should meet with no favor from the courts."

In support of the text, the learned author cites *Wood v. Norwood Tp.,* 52 Mich. 32, 17 N. W. 229; *Burlington v. Gilbert,* 31 Iowa, 356, 7 Am. Rep. 143; *Lafayette v. Fowler,* 34 Ind. 140; *State v. Mitchell,* 31 Ohio St. 592; *Warren v. Grand Haven,* 30 Mich. 24; *Byram v. Detroit,* 50 Mich. 56, 12 N. W. 912, 14 N. W. 698; *Peoria v. Kidder,* 26 Ill. 351; *Sleeper v. Bullen,* 6 Kan. 300; *Pease v. Whitney,* 8 Mass. 93.

In the instant case there is no offer on the part of the plaintiff to do equity by offering to pay the part of the assessment justly due. The rule seems to be that, "unless the whole assessment is void, it will not be claimed that a case for injunction can be maintained, for he who seeks equity must do equity. But, if any part of the assessment against the owner's land is valid, he cannot have an injunction until he has paid or offered to pay such part as is valid." *Jones v. Holzapfel,* 11 Okla. 405, 68 Pac. 511; *Norwood v. Baker,* 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443; *Loesnitz v. Seelinger, Treas.,* 127 Ind. 422, 25 N. E. 1037, 26 N. E. 887.

As all of the objections raised by plaintiff in error to the proceedings before the city council, except the one relating to the publication of notice, amount to no more than small irregularities, that are met by the equitable principles heretofore referred to, we do not deem it necessary to notice them in detail.

The judgment of the court below is accordingly affirmed.

All the Justices concur.