## Fisher v. Croft et ux.

*Robert Madore,* for plaintiff.

*Paul A. Koontz.* for defendants.

PER CURIAM, June 24, 1949.—Plaintiff instituted an action of scire facias sur mechanic's lien. Defendants filed an affidavit of defense having thereto attached a set-off and counterclaim. We are here passing upon plaintiff's rule to show cause (1) why judgment should not be entered in his favor, and (2) why the set-off and counterclaim should not be stricken from the record.

The procedure in actions of scire facias sur mechanic's lien is regulated by the Act of May 22, 1933, P. L. 845. Plaintiff's contention is that defendants admitted the validity of the entire mechanic's lien by making a payment thereon subsequent to notification of its filing. Defendants' position is that the work was not done in accordance with the contract, but in a negligent manner.

1. Section 8 of the Act of May 22, 1933, supra, provides that plaintiff may move for judgment for want of a sufficient affidavit of defense. We are entirely clear that the present affidavit is sufficient. Section 36 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, expressly contemplates the defense which has been raised in this case. Furthermore, passing the doubtful proposition advanced by counsel for plaintiff that payment on account raises an implied promise to pay the entire balance without dispute, the fact that defendants made such payment does not appear either in the statement filed with the præcipe or in the affidavit of defense. Plaintiff's request for judgment will therefore be refused.

2. The filing of a set-off and counterclaim, by virtue of which defendants seek to recover an affirmative verdict against plaintiff, was clearly improper. Counsel for defendants concedes that such pleading is

unauthorized. Plaintiff's request to strike it from the record will therefore be granted. See Millsboro Lumber Co. v. Bell, 23 Wash. 98.

### Decree

Now, June 24, 1949, the rule to show cause why judgment should not be entered in plaintiff's favor is discharged, and the rule to show cause why defendants' set-off and counterclaim should not be stricken from the record is made absolute.