## CITY OF MERIDIAN *v.* HUDSON.

[71 South. 574.]

MUNICIPAL CORPORATIONS. *Public improvements. Liability for property damaged. Waiver.*

Where a property owner joined in a petition to open up a street through his block, a part of which had already been opened and graded, then he knew and expected that such street would be opened up to conform to the proper grade of that part of the street already opened by this request, in connection with his dedication of the land for opening up of the street, he was estopped from claiming any damages for the proper grading of said street, and in such case, it makes no difference whether or not he knew at what grade the street would be made in front of his residence, since he is charged with knowledge, that the city would properly grade that part of the street in connection with that part already opened up and graded, providing of course for suitable drainage.

APPEAL from the circuit court of Lauderdale county. HON. J. L. BUCKLEY, Judge.

Suit by H. P. Hudson against the City of Meridian. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Amis & Dunn,* for appellant.

By Instruction No. 3 granted at the request and on behalf of the plaintiff the court told the jury that the plaintiff could not be estopped at all by anything he did or said, but that the sole question was as to whether or not his property had been damaged by reason of the grading and improving of "A" Street in front of his property. We submit that such is not the law. In 38 Cyc. at page 1059, it is said: "A license from the owner of land is a good defense in an action of trespass for acts done within the scope of the license, although by parol or given by mistake, but not if void or obtained by fraud."

In the case of *Hicks* v. *Mississippi Lumber Company,* 95 Miss. 353, it was held: "That a verbal license to enter land and cut trees thereon given by the plaintiff or his agent to the defendant is a defense to an action for the statutory penalty for cutting trees without the owner's consent, and in the absence of a contract, express or implied, is a defense to a suit for the value of the trees cut."

In the case of *Curry* v. *N. J. & C. Railroad Company,* 61 Miss. 725, it was held: "That in a suit by the owner of land against a railroad company for damages alleged to have been sustained because of the excavation of and entry upon the land by defendant for its right of way, it was error for the court to exclude from the consideration of the jury, evidence tending to show that the plaintiff verbally agreed to dedicate the right of way over the land in controversy and that she promised to sign a writing to that effect whenever called upon, even though the only consideration for said promise was that the defendant would locate a depot at a particular point named." And in the same case it was also held: "That where the owner of lands brings a suit in trespass against a railroad company for excavation and entry upon his land for a right of way, proof that the plaintiff with full knowledge of all the facts relinquished all damage because of said alleged trespass will operate as a complete defense to the action, the burden of proving the disclaimer and its extent being upon the defendant."

Surely if a landowner may by his conduct, by his words and acts permit another to actually invade his land, build houses thereon, construct railroads thereon or do any other act thereon without liability to him for damages for so doing, and if he may by such acts, words or conduct in such a case preclude himself from recovering damages as for a trespass on the lands, then surely in this case where his lands were not invaded at all, but only the street in front of his property was

graded and improved, he may by his conduct preclude himself from claiming damages for all acts done in a reasonably careful and prudent manner.

So true is this that it has been held that where a licensee has gone to great expense relying upon a license the licensor may be estopped from revoking the license and thus an easement may be created.

In the case of *Harrison* v. *Boring,* 44 Texas, 255, the owner of a lot publicly announced that it would be left open for depot purposes. He subsequently sold other lands and the purchaser relying on the announcement erected buildings thereon which would have been of little value if the lot were used for other than depot purposes. In this case the owner was held to be estopped from using the lot for any other purpose than that contained in the announcement. See also *Russell* v. *Hubbard,* 59 Ill. 335; *Kenyon* v. *Nichols,* 1 Rhode Island, 412; *Rawson* v. *Bell,* 46 Ga. 19.

The same proposition was announced to be the rule in this state by this court in the case of *Vicksburg & Meridian Railroad Company* v. *Ragsdale,* 54 Miss. 200, where it was held: ''That although a party cannot divest himself of a freehold estate by parol, yet he may without writing, so conduct himself with reference to it that he would be estopped afterwards to assert a claim thereto; and this doctrine of estoppel is applied without reference to the provisions of statute of frauds.''

If it be true therefore that the owner of real estate may by his conduct estop himself to claim damages for an actual trespass committed upon his lands and may also by his conduct estop himself from claiming title thereto at all, then surely it must be the law that he can by his conduct, estop himself from claiming consequential damages to his land by reason of the grading and improving of the street adjacent thereto. The defendant's theory of this case was that the plaintiff had estopped himself from claiming any damages for the grading and improvement of ''A'' street in front of

his property, and there was ample testimony in the record upon which the jury might have found the facts to be as stated in the fifth instruction for the defendant, which was refused by the court.

*Fewell & Cameron,* for appellee.

There is no question; there can be no question of estoppel under the facts in this record.

The law of the case. This very question of estoppel was presented to this court in the case of *Robinson* v. *Vicksburg,* reported in 99 Mississippi, page 439, and in our judgment this decision forever sets at rest the question in this case. At page 450 of this decision we find the court using this language. We approve the language of the supreme court of Alabama in passing on this identical question, in case of *Dacatur* v. *Scharfenberg,* 147 Ala. 367, 41 So. 1025, 119 Am. St. Rep. 81, as follows:

"We are not of opinion that the petition merely to pave the avenue would be a waiver of damages growing out of the change in the grade of the highway, as set forth in the bill such a waiver of a constitutional right ought not to be lightly inferred, and cannot be clearly derived from the request to pave the avenue and the agreement to bear part of the expense of the paving. *Neville Road Case,* 8 Watts, (Penn.) 172; *Barker* v. *City of Taunton,* 119 Mass. 392; *Birdseye* v. *City of Clyde,* 61 Ohio St. 27, 55 N. E. 169; *Jones* v. *Borough of Bangor,* 144 Pa. 638, 23 Atl. 252. As said by the supreme court of Massachusetts, in *Barker* v. *City of Taunton,* 119 Mass. 392.

"It is no bar to the claim for damages made by the petitioner that he was one of the original petitioners for the improvement. That alone is not evidence of an assent that his property shall be taken for public use without compensation."

While the court uses the words "taken for public use," the facts of the case show that it was similar to

the one before us, and that damages were claimed for injury to plaintiff's premises by lowering the grade in the construction of a sidewalk. There, also, the plaintiff had merely petitioned for the construction of the sidewalk. To sustain its position appellee relies on *Texarkana* v. *Talbott,* 7 Tex. Civ. App. 202, 26 S. W. 451; *Collins* v. *Grand Rapids,* 95 Mich. 286, 54 N. W. 889; *Vaile* v. *City of Independence,* 116 Mo. 33, 22 S. W. 695; *Ball* v. *City of Tacoma,* 9 Wash. 592, 28 Pac. 133.

It is held in those cases that an abutting owner who joins in a petition to the municipality to grade or change the grade of the street is estopped to claim damages to his property caused by such change of grade. That principle has no application to the facts of the case at bar. Here the petition did not ask for a change in the grade of the street, but only that the street be paved. Whether the principle declared in those cases is sound this court is not now called upon to decide. It follows that the court below erred in admitting in evidence the paving petition signed by the appellant."

There is nowhere in this record any ear marks of an estoppel, none of the guide posts are present. The court in 55 Mississippi, 261, at page 272 defines estoppel by conduct as follows: "The principle on which the doctrine of estoppel by conduct rests is that it would be fraud in the party to assert what his previous conduct had denied, when on the faith of that denial others have acted. When silence becomes a fraud, it will operate as an estoppel. Estoppel by conduct 'arises from an act or declaration of a person intended or calculated to mislead another, on which that other has relied, and has so acted, or refrained from action, as that injury will befall him if the truth of the act or declaration be denied.' *McMaster* v. *Insurance Co.,* 55 N. Y. 222."

We submit that this case must be affirmed and that the appellant should not be heard to complain at the manifest miscarriage of justice procured by it in its success in blinding the eyes of justice and benefitting

by the many errors committed in its favor by the trial judge.

SYKES, J., delivered the opinion of the court.

Suit was filed in the circuit court of Lauderdale county by H. P. Hudson, the appellee, against the city of Meridian; for damages to real property owned by the appellee, caused by the grading and paving of A street, upon which appellee's property fronts, from Ninth to Eleventh avenue. A verdict for two hundred dollars was rendered in favor of the appellee, upon which judgment was entered, and from which judgment this appeal is prosecuted.

The uncontradicted facts in this case show that thirty or forty years before the opening of A street, in front of the block in which the property of the appellee is situated, an ineffectual attempt was once made to dedicate this part of the street to the city; that at a later period and a short time before the institution of this suit, the appellee and others who claimed to be the owners of the property upon which this part of A street is now located, dedicated it to the city, and that the city accepted same. Ordinances authorizing the opening up and grading of this part of A street were duly passed by the city council. The testimony of appellant is that the appellee requested the mayor and one of the councilmen, at different times, to open and grade A street from Ninth avenue, in front of the block upon which appellee's property is situated, after the passage of the above ordinances. It seems that A street had previously been opened to Ninth avenue, which is the northeast boundary of the block in which the Hudson property is located, and that part of A street opened up runs in a southwesterly direction in front of this property. The only question to be decided by this court is whether or not the lower court erred in refusing the following instruction asked by the defendant, viz.:

"No. 5. The court further charges. the jury for the defendant that if from all the testimony in the case they believe that the plaintiff joined in the making of a map laying out and dedicating that part of A street opposite his property, and afterwards persuaded and induced the defendant city to open, grade, and improve said street by personal solicitations to members of the city council, and that the council of said city thereafter and pursuant to such request did open, grade, and improve said street in a reasonable, careful, and prudent manner, under all the facts and circumstances, then the defendant is not liable to plaintiff for any damages he may have sustained by reason thereof, and the jury should find for the defendant"·
—and in giving the following instruction for the plaintiff:

'No. 3. The court charges the jury for the plaintiff in this case that the doctrine of estoppel does not apply to actions of tort, and that in this case the plaintiff cannot be held estopped by reason of any inducements or requests upon the defendant to do the grading and cutting in question, if from all the evidence you believe he has suffered damages."

It is the contention of the appellant that by the dedication of the property by the appellee and others to the city for the opening up and grading of A street, and that by his requesting the mayor and city councilmen to grade and open up this street, he is thereby estopped from claiming any damages for the proper grading and opening up of said street. It is to be borne in mind that A street had already been opened up and graded to Ninth avenue, the northeast boundary of the block upon which the appellee's property is located and appellee is bound to have known of the grading and condition of A street and Ninth avenue at their intersection on the corner of this block; and when he requested the city to open up A street through his block, if he made such request, then he knew and expected that said

street would be opened up to conform to the proper grade of that part of A street already opened; and by these requests, in connection with his dedication of the land for the opening up of the street, he is estopped from claiming any damages for the proper grading of said street. In this case, it makes no difference whether or not he knew at what grade the street would be made in front of his residence. He is bound to know, and is charged with the knowledge, that the city would properly grade that part of the street in connection with that part already opened up and graded, providing, of course, for suitable drainage; and the testimony of appellant in this case shows that this was done. It is further shown that the appellee knew when the work of grading and paving was being done, and made no objection in any way thereto.

It is the contention of the appellee that the case of *Robinson* v. *City of Vicksburg,* 99 Miss. 439, 54 So. 858, settles this case against the appellant. In that case, however, Mulberry street, for a number of years, had been opened up, and Robinson joined in a written petition to the municipal authorities only to pave this street. There was nothing whatever in said petition about the street being graded, or the grade thereof being changed. The sole idea of said petition was to have the street paved. The city, however, changed the grade of the street, and in so doing damaged the property of Robinson. Robinson sued for damages and the city claimed that by signing the petition he was estopped from claiming damages. In delivering the opinion of the court, Judge Anderson in part said:

". . . Or may a waiver be implied by his signing the petition with the knowledge that in paving the street the city might find it necessary to change its grade? We think not. In our judgment such conduct ought not to operate as an estoppel. A constitutional right may not be so lightly waived. There is nothing whatever in the petition, nor in the conduct of the appellant as dis-

closed by the record, which evidenced a purpose on his part to waive his constitutional right to claim damages to his property, caused by raising the grade of the street."

In the case at bar, however, the testimony introduced by the appellant is to the effect that the appellee requested the mayor and one of the city councilmen to open up and grade this street. In the Vicksburg Case, the attention of Robinson was neither directly nor indirectly directed to the grading of the street, consequently no estoppel against him could be claimed; but in the instant case the appellee expressly requested the grading of the street. In the Robinson Case, if any damage had been done to Robinson caused alone by the paving of the street, certainly he would have been estopped from claiming damages therefor; and in the case at bar, if the jury believe the testimony of the appellant, then the appellee will be estopped from claiming these damages. In the case of *City of Texarkana* v. *Talbot,* 7 Tex. Civ. App. 202, 26 S. W. 451, in passing upon a similar question the court in part says:

"Upon an examination of the evidence contained in the statement of facts, we find that it was proven, without controversy, that, prior to the construction and establishment of the grade upon Maple street, plaintiff, joining with a large number of others owning property abutting upon said street, petitioned the council of the city of Texarkana, in writing, to establish and construct a grade upon Maple street, presenting strong and urgent reasons for the prayer of the petitioners. This was a most important fact in the case, which the trial court appears to have entirely ignored. . . . It is not stated in the court's findings whether the grade was regarded as a proper grade, nor whether the work of constructing the grade was done skillfully or negligently. Under this state of the findings of fact, we are led to the conclusion that the court below was of the opinion that plaintiff was entitled to recover for the

damage done his property, notwithstanding the grade was a proper one, and its construction skillfully executed. It may have been the view of the trial court that the petition of the plaintiff to the city council, asking for the establishment and construction of the grade, did not affect his right to recover for injuries incident to and consequential upon the construction of such grade. It would hardly be reasonable to give the law a construction which would authorize one to influence a city council by petition to fix and construct a grade upon a street, and then permit him to recover damages for injuries which are incident to a proper construction of such work. We think it would be more in harmony with good conscience and sound reason to treat such an act as a consent to the construction of the grade, and a waiver of such damages as are incident to its proper construction. When the plaintiff signed and presented his petition to the city council, praying for the fixing and construction of the grade upon Maple street, he consented, in the meaning of the Constitution, to all such damage as was incident to a proper and skillful construction thereof, and could only recover for injuries resulting from negligence of the city in constructing the work consented to by plaintiff. Absolute right to compensation for the damage, provided by the Constitution, no longer existed after he consented to the work, and his rights must be determined under the common law."

See, also, *Ball* v. *City of Tacoma,* 9 Wash. 592. 38 Pac. 133; *Vaile* v. *City of Independence,* 116 Mo. 333, 22 S. W. 695.

It therefore follows that the lower court erred in refusing the above instruction requested by the appellant, and in giving the above instruction given for the appellee.

*Reversed and remanded.*