OLIVER ET AL. *v.* CITY OF MACON.

[71 South. 575.]

MUNICIPAL CORPORATIONS. *Public improvements. Liability for property damaged. Waiver.*

Where the mayor and board of aldermen of a municipality operating under chapter 99 of the Code of 1906, passed an ordinance designating the manner of laying sidewalks and constructing curbs and making the cost of same a lien upon the property of the abutting owners, and thereafter ordered sidewalks laid along certain streets in front of the property of a large number of owners, among whom were appellants, and ordered appellants and others to construct sidewalks in accordance with the specifications set out in the ordinance and appellants having failed to comply with the resolution of the municipality, were legally notified to appear and show cause why they should not comply therewith and after the receipt of such notice, appellants signed the agreement set out in the statement of facts herein shown in such case, appellants waived their claims for damages for the proper laying and grading of such sidewalks.

APPEAL from the chancery court of Noxubee county.
HON. J. F. McCOOL, Chancellor.

Bill by the City of Macon against Mrs. S. M. Oliver and another. From a decree for complainant, defendants appeal.

The mayor and board of aldermen of the city of Macon, a municipality which operated under chapter 99 of the Code of 1906, passed an ordinance designating the manner of laying sidewalks and constructing curbs and making the cost of same a lien upon the property of the abutting owners, and thereafter ordered sidewalks laid along certain streets, in front of the property of a large number of owners, among whom were appellants, and ordered appellants and others to construct sidewalks in accordance with the specifications set out in the ordinance. Appellants having failed to comply with the resolution of the municipality, were legally notified to ap-

pear and show cause why they should not comply there-
with. After receipt of this notice the appellants signed
the following document, to wit:

"To the Honorable Board of Mayor and Aldermen of
the City of Macon, Miss. We, the undersigned owners
of property and lots fronting, lying alongside and abut-
ting Eighth street, being apprised of the fact that our
respective sidewalks have been condemned and sidewalks
of concrete in accordance with the ordinance of the city
of Macon have been ordered laid, including any grading
and curbing, if necessary, and realizing the fact that our
sidewalks are considerably out of repair, and that the
ordinance and resolution of the city are in every respect
according to law, and that we, the undersigned, are the
parties to be benefitted in part, by the construction of
said walks, do hereby waive the notice of the resolution
to be published as an ordinannce is required to be pub-
lished for twenty-one days; and we further waive the no-
tice of twenty days, which shall be given after said notice,
and the five days' notice, after the twenty days' notice
shall have been given, and all other notices as required
by law, and agree for said sidewalks to be laid in front
of our property, including any grading and curbing, if
necessary, and that the construction of same shall be a
lien upon our respective property, as provided in sec-
tion 3411 and 3412 of the Code of Mississippi of 1906.
And agree that same shall be a lien upon our said prop-
erty, to be collected as provided by said sections of said
Code and the laws of said city, which lien shall be para-
mount to all other liens except that of state and county
taxes. In other words your petitioners waive every es-
sential to the end that said sidewalks shall be laid at
once in front of their respective property, and the parties
charged with the respective cost of laying each respective
walk, to be a lien against their respective property as
provided by said sections of said Code and the laws of
said city. And petitioners pray that the mayor and
board of aldermen will at once contract to have said side-

walks laid of concrete, one foot from the property line and five feet in width, doing such grading as the city may deem necessary in front of their respective property on Eighth street, the respective amounts to be a lien on their respective property to be paid as provided by the city ordinance or as the city may require. Hereby agreeing to pay for same in such amount and at such time as the city may fix, the city of Macon holding a lien as provided by law until such payments shall have been fully paid; and if any payments are deferred we agree to pay six per cent. thereon, accrued interest payable annually.

"MRS. S. M. OLIVER.

"L. OLIVER."

Thereafter the city constructed the curbing and sidewalk and presented a bill to the appellants for the cost thereof. Appellants thereupon claimed that their property had been damaged by the construction of the curbing and sidewalk and the lowering of the grade, and that they had been put to a large expense in constructing an approach to their property and rebuilding a wall which had fallen on account of the excavation made by the city in lowering the grade for the construction of the sidewalk. The city thereafter filed a bill in chancery, seeking to hold the appellants for the cost of the construction of the sidewalk, and appellants answered, making their answer a cross-bill, and prayed for a decree against the city for damage to their property. From a decree in favor of the complainants and against appellants this appeal is prosecuted.

*A. T. Dent* and *H. H. Brooks, Jr.,* for appellant.

*George Richardson* and *Green & Green,* for appellant.

HOLDEN, J., delivered the opinion of the court.

This case does not come within the rule announced in the case of *Robinson* v. *Vicksburg,* 99 Miss. 439, 54 So.

858, as there is a marked difference in the facts, but this case is controlled by the decision in *City of Meridian* v. *H. P. Hudson,* No. 17750, 71 So. 574, handed down by Justice Sykes of this court on April 24, 1916.

*Affirmed.*