### ADAMS *v.* CITY OF VICKSBURG.

[86 South. 855, No. 21503.]

EMINENT DOMAIN. *Owner petitioning for change of grade estopped to claim damages.*

Where an abutting property owner by petition requests the city "to grade the street to proper lines and grades," and the city so grades it properly, without objection, the owner is estopped from claiming damages, because the request authorizes a change of grade, if proper to do so, and the owner waives his right to damages.

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Action by Mrs. Mary Adams against the city of Vicksburg. Judgment for defendant on demurrer, and plaintiff appeals. Affirmed.

*Brunini & Hirsch,* for appellant.

The authorities are divided about equally as to whether a lot owner, by joining in a petition for a change in the grade of the street whereon his land abuts, disqualifies himself to demand compensation for damage due to such change." 13 R. C. L., section 96, page 107.

While denying the foregoing text truly sets forth the state or condition, of the authorities, and while in our humble opinion the sounder view sustains a recovery in the face of the petition, still, we maintain, in the case at bar, that, whichever line of authorities this honorable court may adopt and establish as the rule of law for this state on the subject, appellant is entitled to recover compensation for her damage. This is manifest from the wording of the petition. Appellant and the other property owners in their petition prayed what? "To have said street graded to the proper lines and grades, not that the city should change the grade of the street as appellant in her declaration alleges the city did."

Our Own Decisions. The precise question herewith involved has never been before this honorable court, but it is our belief that it will be well for all of us to review generally the decisions of this honorable court touching the right of the property owner to recover for consequential damages to his property since the adoption of section 17 of our constitution. This course will enable us to have in mind, as we go along, the principles already settled by this honorable court. *Vicksburg* v. *Herman,* 72 Miss. 211; *City of Jackson* v. *Williams,* 92 Miss. 301; *State of Jackson* v. *Muckenfuss,* 101 Miss. 555; *Robinson* v. *City of Vicksburg,* 99 Miss. 439.

The Decisions of Other States. 20 A. Eng. An. Cases 873, in the note to the case of *Wallenburg* v. *Minneapolis; Hembling* v. *Big Rapids,* 89 Mich. 1, 50 N. W. 741; *Cummings* v. *Dixon* (Mich.), 102 N. W. 751; *Collins* v. *Grand Rapids,* 95 Mich. 286, 54 N. W. 889; *Cross* v. *Kansas City,* 90 Mo. 13, 1 S. W. 749; *Vaille* v. *City of Independence,*

116 Mo. 333, 22 S. W. 695; *Justice* v. *Lancaster*, 20 Mo. App. 559; *Taylor* v. ———, 647. The foregoing are the Missouri cases cited in the note of *Wallenberg* v. *Minneapolis, supra.*

In Missouri they have a constitutional provision somewhat similar to that of Mississippi, but the interpretation of the supreme court of that state of its constitutional provisions differs from the construction by our court of our constitutional provisions.

In the *Cross case, supra,* plaintiff admitted that he petitioned to have the grade changed and lowered according to the grade specifically set forth in the petition; and that the grade was done in exact conformity with the request made. The court held he was estopped to claim damages therefrom. Those facts, we submit, clearly distinguished it from the case at bar.

In the *Vaile case, supra,* the courts simply say: "Under ruling of this honorable court in *Cross* v. *City of Kansas,* all who signed the petition were estopped to claim damages from the city for doing that which they asked to have done." In the case at bar the petition simply was to have the street graded to its full limits and grades.

The next two cases cited, as aforesaid, are from the Missouri court of appeals, and are not found in our library or in the city. That the Missouri court is not in line with the prevailing authorities and our own court in the interpretation of its constitutional provision on the subject is evident from the case of *Payne* v. *Kansas City,* 20 S. W. 322, where it is held: "Where a city grades a street under charter authority, and surface water is by reason thereof thrown upon adjacent property, the city is not liable for the injuries suffered by the property owner, there being no negligence in doing the work. *City of St. Louis* v. *Gurno,* 12 Mo. 417; *Imler* v. *City of Springfield,* 55 Mo. 119; *Foster* v. *City of St. Louis,* 7 Mo. 157, but if, in grading a street, the city builds an embankment beyond the limits of the street on private property, then it is liable. *Broadwell* v. *City of Kansas,* 75 Mo. 213; *Van-*

*derlip* v. *City of Grand Rapids,* 73 Mich. 522, 41 N. W. Rep. 677. The same is true where a city, in the improvement of its streets, collects surface water by means of ditches and then casts it off in a body on private property, where it was not accustomed to flow. *Rychlicki* v. *City of St. Louis,* 98 Mo. 497, 11 S. W. Rep. 1001."

The Conclusion. The cases *pro* and *con* have been reviewed by us at length, and we are submitting that the overwhelming authority, both in point of numbers and weight, sustains the doctrine that the signing of a petition for a public improvement in states where they have a constitutional provision similar to Mississippi is not a waiver of damages resulting therefrom, or an estoppel to claim damages. As was said in the case of *Robinson* v. *City of Vicksburg, supra,* a constitutional provision should not be lightly waived.

It is appellant's contention, however, that it makes no difference whether this honorable court follows one or the other line of authorities on the subject she is yet entitled to recover. She simply petitioned to have the street graded to its proper lines and grades. What were the proper lines? The proper lines were those established and fixed by the surveys, and plats. Could it be successfullyl contended that Mrs. Adams would not be entitled to recover if the city had appropriated two feet of her property in widening Speed street beyond the proper or fixed lines? If the city had so appropriated two feet of Mrs. Adams' lot it would have been doing something for which she had not petitioned.

What were the proper grades? It meant the fixed or established grades, and the city was simply to grade the street accordingly, that is to round it up to that grade, but it did not do so. It changed the established grade. If it had a right to change it two feet, it would have had a right to change it ten feet.

The case of *Connors* v. *Railroad Company,* 86 Miss. 356, is somewhat analogous to the case at bar, that is, the principles therein involved. Mrs. Rigby the grantor of Con-

nors executed a deed to the railroad giving and granting
to it the right to construct and operate its line of railroad
in Levee street in front of her property. Afterwards the
railroad company changed the grade of the street by rais-
ing it, and this honorable court properly held that the
deed did not give the railroad company the right to change
the grade of the street as it existed at the time of the
execution of the deed, and that the deed was executed in
reference to the street as it then existed.

So we hold that when Mrs. Adams petitioned for the
grade of Speed street to its proper lines and grades it was
in reference to the grades as they then existed and did not
warrant the city in changing the grade of the street. How
could Mrs. Adams be held to have waived her right to
damages when she had no idea and could not have any
idea that the city was going to do something different
from that which she had petitioned. *Americus* v. *Phillips*
(Ga.), 79 S. E. 36.

We respectfully submit: (1) That the overwhelming
authority is to the effect that petitioning for public im-
provements under constitutional provisions similar to ours
is not a waiver of damages resulting therefrom, nor is
the property owner estopped from claiming his damages.
(2) That whichever line of the authorities this court may
follow, appellant is still entitled to recover under a proper
construction of the petition she signed.

*Anderson, Voller & Kelly,* for appellee.

The sole and only question involved is as to the legal
effect of this petition. Does it, as contended by appellee,
defendant below, have the legal effect of waiving plain-
tiff's claim for damages and estopping her from recovery
herein? We submit that there is no other possible ques-
tion arising out of these pleadings for the court to pass
upon.

In view of the contention of counsel for appellant in
their brief, we desire just here to call the court's especial

attention to some of the salient and controlling facts of the case: 1. Neither the declaration nor the replication of plaintiff allege, nor is it claimed anywhere else in the case, that the grading of this street was done in a negligent manner, thereby causing the damage sued for. Had that been done of course the question would have been one for the jury.

2. Neither the declaration nor the replication of plaintiff allege, nor is it claimed anywhere else in the case, that the grading of this street was done in an improper, unskillful or unworkmanlike manner thereby causing the damage sued for. Had that been done of course the question would have been one for the jury.

3. The defendant's special plea distinctly alleges that the grading of said street was made solely in pursuance of said petition, and that the work was done without any objection or protest of any kind on the part of plaintiff, and that she thereupon laid her sidewalk on that part of the street graded for that purpose, at her own expense, without complaint or objection or protest, and this allegation is not denied in plaintiff's replication.

4. The petition asked defendant to have said street graded to the proper lines and grades, "and plaintiff's replication to defendant's special plea does not allege nor does it appear anywhere else in the case, that the grading of said street was not strictly in conformity with said petition, and that it was not "to the proper lines and grades."

We notice, however, on page 6 of their brief, that they claim that "the precise question herein involved has never been before this honorable court." In this we beg to say they are in error. The case has, we submit, been settld by our own court in a recent decision thereof and settled in favor of our contention.

In addition to this, however, as stated in 12 R. C. L., page 107, par. 96, and in the note to 20 Ann. Cas. 876-877, at least one-half of the authorities of the different states support our contention. In addition to this, we think the decision of this court practically held this view in the

case of *Robinson* v. *City of Vicksburg,* 99 Miss. 439.   It is true in that case that the appellant, Robinson, with others, had presented a petition to the city authorities simply to pave Mulberry street, but did not ask that the street be graded.

This court decided that merely asking that the street be paved was not a petition for grading or changing the grade, and that, therefore, Mr. Robinson had not waived his right to damages by reason of said grade.   The court did, in effect, endorse the Texas court in the case of *Texarkana* v. *Talbott,* 26 S. W. 451;   the Michigan court in the case of *Collins* v. *Grand Rapids,* 54 N. W. 889; the Washington court in the case of *Ball* v. *City of Tacoma,* 38 Pac. 133; and the Alabama court in the case of *Decatur* v. *Scharfenburg,* 147 Ala. 367, but stated that inasmuch as in the Robinson case there was no petition to change or grade Mulberry street, as was the case in the other cases cited, that point could not be definitely decided.   But a few years after that case was decided, at the March term, 1916, of this court, the precise question came up in the case of the *City of Meridian* v. *Hudson,* 111 Miss. 339, and the question was settled once for all, we submit, in favor of our contention the opinion of the court being delivered by Justice SYKES, unless counsel can persuade this court to overrule that case, which we do not fear.

In 28 Cyc., pages 1086-7, it is stated that "a property owner may by his acts be estopped to claim damages from a street improvement or he may waive such right." Paragraph 7.

Again: "A property owner who joins in a petition for an improvement is usually regarded as estopped from claiming damages resulting therefrom unless the injury is caused by negligence in the prosecution of the work, or the improvement made differs materially from that to which he consented.   Paragraph B, page 1087.

In the Alabama case of *Decatur* v. *Scharfenburg,* the court uses the following language: "The important question then is whether a citizen who consents to a change

of grade, requests that the change be made, and who thereby induces the city to incur expenses in and about the work, can recover damages to his property because of the altered grade, or arrest the doing of the work in the midst of it, upon the ground that compensation for the injury had not first been paid him."

It has been expressly held that a person asking for the change of a grade cannot complain; the case being within the maxim, *volenti non fit injuria*. *Cross* v. *Kansas City,* 90 Mo. 13, 1 S. W. 749, 59 Am. Rep. 1. When a person has consented to the act being done he may not exercise his legal right in opposition to that consent. *Morris C. & B. Co.* v. *Lewis,* 12 N. J. Eq. 323. And this court in *Goetter* v. *Norman,* 107 Ala. 585, 19 So. 56, has expressed its approval of the rule as quoted by Mr. Story from a decision of the House of Lords: "It is a general law that if a man either by words or conduct had intimated that he assents to an act which has been done and that he will not offer opposition to it although it could not have been lawfully done without his consent, and he thereby induces another to do that from which he otherwise might have abstained, he cannot question the legality of the act he had so sanctioned, to the prejudice of those who have given faith to his words, or to the fair inference to be drawn from his conduct. A constitutional provision affecting simply property rights may be waived by the citizen." *Lee* v. *Tilloson,* 35 Am. Dec. 624; Cooley's Con. Lim. (7 Ed.), 250.

"Whether the facts set up by the fourth and fifth pleas be called a waiver or an estoppel, we are of opinion they constitute a defense to the bill, and that the chancellor erred in holding them insufficient." We deem it unnecessary in view of these authorities, to pursue this part of the argument any further.

We now come to another position taken by counsel which we will briefly notice. It is found on page 35 of their brief, and it is couched in the following language: "It is appellant's contention, however, that it makes no difference whether this honorable court follows one or the

other line of authorities on the subject she is yet entitled
to recover. She simply petitioned to have the street grad-
ed to its proper lines and grades. What were the proper
lines? The proper lines were those established and fixed
by the survey."

In reply to this suggestion we beg to say that it might
be all right if the pleadings raised such a question.. But
there is nothing whatever in these whole pleadings, as
pointed out by us at the beginning of this argument, which
in the least degree calls in question the proposition as to
whether this grading was properly done. There is nothing
to show one way or the other whether there had ever been
an established grade; indeed, it does not matter whether
there had been or not so far as the law is concerned; nor
is there anything to show that the grade to which the
street was brought was an improper one. The presump-
tion must be indulged, in accordance with the allegations
of defendant's special plea, which is not denied by plain-
tiff's replication, that everything was done exactly as it
should have been done, and that the mere grading of the
street although properly and skillfully done, produced
the damage sued for.

Under the law in this case, as announced in the case of
the *City of Jackson* v. *Williams*, 92 Miss. 301, cited by
counsel in their brief, it is unlawful, without the owner's
consent, to disturb in any way, the surface of a street
whether that is the established grade or not, to the dam-
age of the abutting property. Bringing a street to an
established grade or changing it from its natural surface
conditions are in legal effect synonymous terms. To say
that the grade of a street has been changed in a declara-
tion for damages does not of necessity mean that it has
been changed from an established grade, but it simply
means, in its legal effect, that it has been changed from
its natural surface condition. When the plaintiff in this
case petitioned the board of Mayor and Aldermen to have
Speed street between Marshall and Drummond streets
graded to the proper lines and grades, she simply meant

in law, to have it changed from its then condition to a condition that would properly admit of the right kind of a sidewalk, a uniform sidewalk, if you please, to be placed thereon. In fact, we do not know whether there had ever been an established grade of this street or not, nor does it make any difference. A proper grade meant a grade upon which a proper uniform sidewalk could be laid and when she brought her suit, if she was dissatisfied with that kind of a grade, she should have in so many words said that it was not the proper grade, that it was cut too deep or raised too high, or that it was negligently, unskillfully or unworkmanlikely done and that by reason of that fact she had suffered these damages, but she did not so state either in her declaration or in her replication. The only thing she contended for then and the only thing she can contend for now was and is that this petition did no operate as a waiver or estoppel of her rights. It is too late now to come into this court and try to make a case which was not presented to the lower court and which has never before appeared in the proceeding since its inception on February 15, 1916, more than four years ago.

There is another conclusive answer to this contention, in our judgment, and that is that appellant lived right on this street, the property claimed to be damaged being her homestead as alleged in her declaration; that she necessarily observed from day to day the work that was being done in grading the street; that she knew and appreciated exactly what was going on, and that she never complained about, objected or protested against it. Furthermore, under the charter provision and ordinances of the city of Vicksburg regarding the construction of sidewalks, as set up in the special plea, and as appears also in the petition, the city simply grades and the property owner, at his own expense, lays the sidewalk. The special plea sets up the fact that the defendant graded the street "without any complaint or protest on the part of plaintiff, and issued the proper notices to the property owners, including plain-

tiff, to lay and put down concrete sidewalks along said
street under said uniform sidewalk ordinance, which no-
tices were promptly, legally and apparently willingly com-
plied with by plaintiff and the other petitioners and said
sidewalk laid.   Of course the property owners bore that
part of the expense, and plaintiff did not then make any
complaint, any objection or any protest to any part of
those proceedings.

In the Alabama case of *Decatur* v. *Scharfenburg, supra*,
the court on this point uses this language: "A constitu-
tional provision affecting simply property rights may be
waived by the citizen." *Lee* v. *Tillison,* 34 Am. Dec. 624;
Cooley's Con. Lim. (7 Ed.) 250.

In the case of *City of Meridian* v. *Hudson, supra,* the
waiver of the constitutional provision was made by parol
to members of the city board.   There is nothing we submit,
in the proposition.

HOLDEN, J., delivered the opinion of the court.

The appellant, Mrs. Mary Adams, sued the city of Vicks-
burg for damages to her property abutting on Speed street,
on account of changing the grade of the street and side-
walk in front of it.

The city denied liability on the ground that the appel-
lant, with other abutting property owners, petitioned the
city to grade the street to its proper lines and grades,
and, having thus waived her right, was thereby legally es-
topped from claiming damages; that the city would not
have incurred such expense of grading without the said
petition of appellant and the other abutting owners.

The appellant, by replication, admits the petition, and
does not deny that the city was induced by the petition
to do the work, and does not claim that the grading of the
street was done in a negligent manner, nor that it was done
in an improper, unskillful, or incorrect manner, thereby
causing the damages sued for.   In fact, the appellant
makes no contention that the city did the work different

from that requested in the petition, except she seems to rely upon the point that the petition does not request a change of the street and sidewalk, and that she did not waive her constitutional right to damages by reason of the request in the petition "to grade the street to its proper lines and grades."

The demurrer by the city to the appellant's replication was sustained, from which judgment this appeal is prosecuted.

The petition signed by the appellant and the other property owners on the street in question, is here set out:

"Vicksburg, Miss., May 26, 1914.

"To the Honorable Board of Mayor and Aldermen of the City of Vicksburg, Mississippi—

Gentlemen:

"We, the undersigned owners of lots or parts of lots. or the greater number of lots confronting and abutting on the north and south sides of Speed street, between Marshall street on the west and Drummond street on the east, would respectfully petition your honorable body to have said street graded to the proper lines and grades, and that the usual legal notice be issued for the laying of uniform sidewalks on said street between points named, according to article 25 of section 28 of the city charter as amended, and to be paid for as provided by said article and the amendment thereto.

Respectfully,

"DAVE DAWSON.
"MARY X RILEY.
"JOHN DOLLIN.
"L. C. JEFFERSON.
JOS. TICKELL, SR.
MRS. T. R. ADAMS.
W. H. JEFFERSON.
J. H. DORA.
"MARSHALL X EDWARDS."

The contention made by counsel for appellant that the petition did not authorize the city to change the grade

of the street is untenable. We think the language is a plain request to the city "to have said street graded to the proper lines and grades," which undoubtedly means that the grade should be changed if necessary and proper to do so. The appellant cannot reasonably claim that the city did not do precisely what she petitioned it to do. The grading was done without objection, and the appellant, after legal notice, laid a sidewalk in front of the property according to the grade, and paid for it.

The only question before us on this appeal is whether this case comes within the rule announced in *City of Meridian* v. *Hudson,* 111 Miss. 339, 71 So. 574, which case was followed in *Oliver* v. *City of Macon,* 111 Miss. 349, 71 So. 575. Counsel for appellant argues that the case at bar differs from the *Meridian Case, supra,* in that the facts are dissimilar. But, after a careful consideration and due comparison of the two cases, we are convinced the instant case falls within the rule announced in the Meridian Case, and the appellant, therefore, is estopped from claiming damages against the appellee.

The constitutional right of the abutting property owner to recover in cases of this kind was well discussed by this court in *Robinson* v. *City of Vicksburg,* 99 Miss. 439, 54 So. 858, and that decision, with its citations, was reviewed and discussed by this court in *Meridian* v. *Hudson, supra;* and it is now the established law of the state, as announced in the latter case, that the abutting property owner on a street may waive her right to compensation for damages done on account of grading the street, where the owner requests the work to be done, and it is done in the proper manner and without negligence, and we are constrained to follow the law as thus announced.

The judgment of the lower court is affirmed.

*Affirmed.*