BOARD OF LEVEE COM'RS FOR YAZOO-MISSISSIPPI DELTA *v.* MANGUM.

(Division A.  April 9, 1934.  Suggestion of Error Overruled May 21, 1934.)

[153 So. 820.  No. 30876.]

**J. A. Tyson**, of Greenwood, for appellant.

**Dulaney & Bell,** of Tunica, for appellee.

Argued orally by **J. A. Tyson**, for appellant, and **J. W. Dulaney**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

A judgment was rendered in the court below against the appellant, board of levee commissioners for the Yazoo-Mississippi Delta, in favor of the appellee, E. P. Mangum, for damages to the latter's land in the sum of one thousand five hundred dollars; and appellant, the

board of levee commissioners for the Yazoo-Mississippi Delta, prosecutes an appeal here.

The declaration of the appellee is in two counts, the first charging negligence on the part of the officers and agents of the levee board, and the second, alleging, in substance, that the levee board, the appellant, had damaged his land without due compensation having been paid therefor. Appellee sought to recover on the ground that the appellant levee board had caused to be erected across McKinney Lake or bayou a levee which prevented the natural drainage of that bayou into the Mississippi river, and had substituted for the natural drainage the artificial method of pumping the water over the levee from the bayou into the Mississippi river. Some time before 1928, the levee board constructed and maintained a steam pumping plant to take care of the natural drainage of this bayou and the territory drained by it, but during the year 1928 there was constructed a new electrically operated pumping plant with greatly increased pumping capacity, so that the subjacent soil of the land comprised in a two-acre "mule lot," owned by the appellee, was caused to be eroded from beneath the top stratum of land, thereby causing a subsidence or sinking of about one-tenth or three-quarters of an acre. The declaration charged that the damage was caused by the greatly increased velocity of the flow of water from the enlarged pumping plant, which subsequently from time to time caused a vibration to set up on the land within its vicinity, and which caused the water level in said bayou to be rapidly raised and lowered; and that the operation of this pump was, in effect, an appropriation of appellee's land to the extent of the damage occasioned, for which payment is sought.

To the declaration the levee board filed a plea of the general issue and six special pleas; and demurrers were sustained by the court to five of the pleas. A demurrer was overruled to one of the pleas which set up that the

damage occasioned by the subsidence or sinking of appellee's land was due to sand boils, resulting from seepage at a time of flood water in the Mississippi river. Thereupon the levee board refiled amended special pleas in practically identical language, which were, in effect, pleas of estoppel and license. We think it necessary to set forth only the sixth special plea, which is as follows:

"And defendant answering over, by leave of the court first had and obtained, for further plea in its behalf says that the plaintiff ought not to have its aforesaid action against it, because defendant says that prior to the 3rd day of January, 1928, and prior to the construction and operation of said new pumping plant and prior to the time said construction was provided for by defendant, the plaintiff, Mangum, appeared before an open session of said Board of Levee Commissioners and expressly stated that the capacity of the old pumping plant was insufficient to care for the drainage of the waters of said McKinney Lake and requested that the capacity of said old pumping plant be increased or that a new pumping plant of increased capacity be installed sufficient in capacity to care for the drainage of the water collecting in said McKinney Lake and its basin; and defendant says further that in compliance with said request of said plaintiff the said board constructed, or had constructed, the said new pumping plant, the effects of the operation of which are complained of, which new pumping plant had an increased capacity over the old pumping plant for carrying the water from said McKinney Bayou or Lake into the Mississippi River and that said new pumping plant did not have the capacity in excess of the capacity necessary to so carry said water and said board so constructed, or had constructed, and operated said new pumping plant at the said request of said plaintiff and with his consent and acquiescence and at the cost to said defendant of exceeding thirty-six thousand six hundred thirty-four dollars; and defendant further says that by

reason of said request of plaintiff and said expenditures by said defendant that said plaintiff is estopped of any right to recover the amount sued for by him or any portion thereof, and this the defendant is ready to verify."

Plea No. 5 is practically in the same language, only it is charged that a license was granted to appellant instead of an estoppel.

We are of opinion that the court below was in error in sustaining the demurrer to the plea above set forth. The plea charged, in substance, that while the levee board was operating this pumping plant by the use of steam, appellee appeared before the appellant levee board and complained that the steam pumping plant was of insufficient capacity to properly drain the flow of water from McKinney bayou, and requested that the capacity of the old or steam pumping plant be increased, or that a new plant of increased capacity be installed which could take care of the flood water, and that the new plant—operated by electricity, and at a cost to the appellant of thirty-six thousand six hundred thirty-four dollars—was, in pursuance of the petition of the appellee, Mangum, installed, and that it was of sufficient capacity to properly drain the waters of McKinney bayou. The plea further states that the appellee acquiesced and consented to the change in the construction of the pump from one driven by steam to one driven by electricity.

It would be proper to state that the recovery had in this case was evidently under the second count of the declaration, as it might be seriously questioned whether an action could be maintained against a levee board, which is a subdivision of the state government, for the negligence of its officers, servants, and agents.

It is conceded that a riparian owner is entitled to have the stream continue to flow through or along his lands in its accustomed channel; and that he can be deprived

of this right only by his own grant or license, actual or implied.

It is not necessary in a plea to set forth all the evidence which will be offered to uphold it. It is charged in the plea under consideration that the appellee appeared before the board and requested substantially this change. It is further alleged, in general terms, that he consented to and acquiesced in the change by which the velocity of the water was increased. The undoubted right of a riparian owner to have the free use of the flow of water through or along his lands may be waived; and he may so act as to be estopped from asserting his claim to damage because of an alteration or change of the course or manner of the flow of water. This license may be implied, or it may be given in parol. 3 Farnum, Waters and Water Rights, p. 2320, sec. 786 (1904 Ed.); Mississippi Central Railroad Co. v. Mason, 51 Miss. 234.

In the case of City of Meridian v. Hudson, 111 Miss. 339, 71 So. 574, 575, Judge Sykes, speaking for this court, distinguished that case from the case of Robinson v. City of Vicksburg, 99 Miss. 439, 54 So. 858, and, after quoting from the opinion in the Robinson Case that a waiver would not be implied from the facts of that particular case, said: "In the case at bar, however, the testimony introduced by the appellant is to the effect that the appellee requested the mayor and one of the city councilmen to open up and grade this street. In the Vicksburg Case, the attention of Robinson was neither directly nor indirectly directed to the grading of the street, consequently no estoppel against him could be claimed; but in the instant case the appellee expressly requested the grading of the street. In the Robinson Case, if any damage had been done to Robinson caused alone by the paving of the street, certainly he would have been estopped from claiming damages therefor; and in the case at bar, if the jury believe the testimony of the appellant, then the appellee will be estopped from claiming these damages."

True, the Robinson Case, supra, dealt with the paving and grading of a street, while the case at bar relates to the increased velocity of water; still the principle there announced is controlling here.

In the case at bar, the plea alleges that the appellee requested that the velocity of the water be increased so as to reduce the volume thereof; and great expense was incurred by the levee board in order to accomplish that very purpose. It is further alleged, in substance, that he acquiesced and consented to the construction of such a pumping plant. We think pleas Nos. 5 and 6 tendered an issue to the appellee, which, if sustained by evidence accepted by the jury would absolve the levee board from liability.

The court was in error in sustaining the demurrer to these pleas.

Reversed and remanded.