[No. 3578.   Decided December 14, 1900.]

Louis C. Shell *et al., Appellants, v.* John Poulson, *Respondent.*

HIGHWAYS—ESTABLISHMENT BY LEGAL PROCEEDINGS—SUFFICIENCY OF PETITION.

County commissioners cannot acquire jurisdiction for the establishment of a road, upon a petition which is not sufficiently definite to apprise a surveyor of the location of the proposed road, nor give notice to the land owner of the attempt to subject his land to a public easement. .

SAME—DEDICATION.

The fact that the owner of land permitted without objection its use as a highway by those having occasion to so use it would not show a dedication, in the absence of an intention to dedicate the land to public use.

SAME—PRESCRIPTION—INTERRUPTION BY LAND OWNER.

Where the owner of land erects and closes gates, though not keeping them locked, across a road through his premises used by the public, before the acquisition of a prescriptive right by the public to such road, such act is an assertion by the owner that its uninterrupted use as a highway is denied to the public, and such interruption in its general, continuous, adverse and exclusive use by the public destroys any prescriptive rights that may have begun to accrue.

SAME—LEGAL PROCEEDINGS AS BASIS OF PRESCRIPTIVE RIGHT—DEVIATION.

A prescriptive right to a public road cannot be founded on an attempt to establish the road by legal proceedings, when the road as surveyed for that purpose runs from 250 to 400 feet distant from the traveled road.

Appeal from Superior Court, Walla Walla County.——Hon. Thomas H. Brents, Judge.   Reversed.

*T. P. & C. C. Gose,* for appellants.

*Pedigo & Cain,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action brought by the appellants to enjoin the threatened tearing down of the fence surrounding a certain tract of land in Walla Walla county. The respondent was the supervisor of the road district embracing the land in question, and admitted the threatened removal of the fence, but justified it on the ground that the said fence obstructed the public highway. Judgment was rendered in favor of the defendant.

Two pleas were interposed by the respondent: (1) That the road was regularly established by the board of county commissioners of Walla Walla county; and (2) that the said way was a public highway by prescription. The judge who tried the case found that it was a highway by prescription and dismissed the cause at plaintiffs' cost.

A reading of the petition asking for the establishment of this alleged road by the county commissioners is sufficient to dispose of the first contention of the respondent. The description is as follows:

"Commencing at or near the top of the Hardman Hill on the lower Waitsburg road, at or near the south line of section eighteen (18), township nine (9) north, range thirty-seven (37) east, W. M., and running northerly, and as near as practicable, along the old Hardman road, down the lane, as near as practicable to said line, thence in a northeasterly direction, on the nearest and best ground, to the north boundary of Walla Walla county, where the old Hardman road strikes the same."

Without noticing any subsequent alleged errors, the petition is too indefinite to give the court jurisdiction, or to give notice to the land owner of any attempt on the part of the county to subject his land to a public easement. While courts are inclined to construe liberally the acts of county commissioners in laying out and establishing high-

ways, yet the description in a petition must be sufficiently definite so that a surveyor can at least ascertain from the petition the location of the road. In this case this could not be done.

A more troublesome question is whether or not this alleged highway was dedicated by the owner to the use of the public, or whether the public has obtained a right of way by prescription. The principal evidence of dedication is the actual use of the land as a highway by those who have occasion to use it without objection by the owner. Dedication must originate in the voluntary donation of the owner of the soil, and the intention of the owner to dedicate must be clear, manifest, and unequivocal. *Ely v. Parsons,* 55 Conn. 83 (10 Atl. 499); *Riley v. Hammel,* 38 Conn. 574. The dedication need not be in writing, but may originate by any act or declaration of the owner which manifests an intention to devote the property to such public use. Being a voluntary donation, it will not be presumed without the clearest intention to this end. *Steele v. Sullivan,* 70 Ala. 589.

From an investigation of the whole record, although the testimony is somewhat conflicting, we are convinced that there was no dedication by any special act of the owner. So that the only question is, did a right by prescription attach over this way?

The foundation of a right by prescription is uninterrupted enjoyment, which presupposes a previous grant by the owner. It is contended by the respondent that no inflexible rule of law governs the question of prescription or dedication, but that it is a question of fact to be deduced from circumstances offered in evidence. This proposition cannot be gainsaid, but, in our opinion, it is not deducible, from the circumstances offered in evidence in this case, that there was any intention on the part

of the owner to dedicate the land over which this alleged
road runs, or that there was such an uninterrupted ac-
quiescence in the use of it by the public as would establish
a prescriptive right.    We have examined all the author-
ities cited by the respondent, but do not think they are
applicable to this case.    Dillon on Municipal Corporations
(4th ed.), § 638, simply announces the rule that, where
the question is as to an intent on the part of the owner
to dedicate, user by the public for a period less than that
limiting real actions is important as evidence of such in-
tention, and as one of the facts from which it may be in-
ferred.    Section 637 announces the rule as follows:

"Such intent will be presumed against the owner where
it appears that the easement in the street or property has
been used and enjoyed by the public for a period corre-
sponding with the statutory limitation of real actions.    But
where there is no other evidence against the owner to
support the dedication but the mere fact of such user, so
that the right claimed by the public is purely prescriptive,
it is essential to maintain it, that the user or enjoyment
should be adverse, that it is with claim of right, and unin-
terrupted and exclusive for the requisite length of
time;    *    *    *."

*Holdane v. Trustees,* 23 Barb. 103, would be in point
if it were shown in this case that there had been an un-
equivocal dedication.    But the decision in that case is
based upon the announcement of this proposition.    *Morse
v. Zeize,* 34 Minn. 35 (24 N. W. 287), simply announces
the general rule that what particular conduct on the part
of the land owner will make out a dedication is a con-
clusion of fact to be drawn from all the circumstances of
the case.    There are no circumstances set forth in that
case that shed any light on the case at bar.    *Shellhouse v.
State,* 110 Ind. 509 (11 N. E. 484), seems to be almost
parallel with the case at bar.    There it was held that,

before a highway could be established by prescription, the general public, under a claim of right, and not by mere permission of the owner, must have used some defined way, without interruption or substantial change, for twenty years or more; that a gate erected across the way and maintained for, and kept closed at certain stated times during a period of four years by the owner, evincing an intention to exclude the public from the uninterrupted use thereof, destroys any prescriptive right not already fully accrued. It is true that in the case at bar the gates which were erected across the alleged highway were not kept locked during the nights, but the erection and closing of the gates was an assertion on the part of the owner of the land that the uninterrupted use of the highway was denied to the public, and that their travel along it was simply by his sufferance. The use of the road as a highway was in this degree interrupted and denied, and, as was said by the court in the case just above cited:

"When the use is interrupted, prescription is annihilated, and must begin again.     *     *     *     A highway, from its very nature, must be open to the public for use day and night, and any unambiguous act by the owner, such as erecting gates or bars over the highway, which evinces his intention to exclude the public from the uninterrupted use of the highway, destroys the prescriptive right, unless it had fully matured before it was interrupted. *Jones v. Davis,* 35 Wis. 376."

To establish a highway by prescription there must be an actual public use, general, uninterrupted, and continuous, for ten years, under claim of right. *State v. Green,* 41 Iowa, 693.

In *Coburn v. San Mateo County,* 75 Fed. 520, it was held that, to acquire a public right by prescription, the use by the public must be adverse, continuous, and exclusive; that a mere tacit permission or license by the

land owner will not suffice. In that case the land owner, for a long period of years,. permitted the residents of a neighboring village, and visitors thereto, to pass through his gate, and over his land, to an attractive beach on the sea shore. It was held that no prescriptive right to a public road through his land was created by such acts. In *Harper v. State,* 109 Ala. 66 (19 South. 901), it was held that the use of a private way by the public for twenty years would not make it a public highway unless such use was adverse to the owner of the soil, not merely permissive, and continued uninterruptedly for the prescribed period; that the closing of a private way at night, the erection of gates and bars, or any unambiguous act by the owner, which evinces his intention to exclude the public, destroys any prescriptive right to its use which might be begun in favor of the public. And such, we think, is the voice of authority generally, that, before an easement can be implanted upon land, the property of a citizen, where such right rests upon a prescription, the user by the public must have been uninterrupted, unqualified, and adverse to the rights of the owner of the soil. Of course, the question of the length of time, which in some states is said to be ten years and some twenty, is not in point in this state, where the statute prescribes that:

"All public roads and highways in this state that have been used as such for a period of not less than seven years, and are now so used, where the same have been worked . and kept up at the expense of the public, are hereby declared to be lawful roads and highways within the meaning and intent of the laws now existing governing public roads and highways in this state." Bal. Code, § 3846.

This statute, however, is not available to the respondent, for the testimony does not show either that there was seven years of uninterrupted user, or that the road

had been kept up at the public expense that length of time. In fact, the testimony in relation to the expense that the public had been to in the maintenance of the road shows that the expenditure was so meager that it is scarcely worthy of consideration. Neither can the theory of prescriptive right be aided by the fact that there had been an attempt to establish the road by legal proceedings before the county commissioners, for the testimony in this case conclusively shows that the road as surveyed does not touch the traveled road, but that it is from 250 to 400 feet distant from it.

We are not unmindful of what was said by this court in *State v. Horlacher,* 16 Wash. 325 (47 Pac. 748), that the character of a road as a public highway established by prescription is not affected by immaterial changes and alterations in the travel over it by the public. That is the universal rule, but such deviation as is shown by the record in this case cannot be said to be slight or immaterial.

We also reaffirm the doctrine announced in *Smith v. Mitchell,* 21 Wash. 536 (58 Pac. 667, 75 Am. St. Rep. 858), and fully appreciate the sentiment that the validity of public highways should be recognized by the courts whenever the law has been substantially complied with in the establishment of the same by the proper tribunal, or whenever the public has been in the unquestioned, adverse, and uninterrupted use of the same for the necessary period of time, but the testimony in this case does not, it seems to us, establish either proposition.

The judgment is reversed.

ANDERS, REAVIS, and FULLERTON, J J., concur.