[No. 10677.   Department One.   February 21, 1913.]

C. H. Saeger *et al., Respondents,* v. C. C. Baldwin, *Appellant.*[1]

Highways — Establishment — Prescription — Expenditure of Public Funds—Evidence—Sufficiency. Use of a private way granted to neighbors, who had no other access to the public road, does not create a public highway by prescription, nor under Rem. & Bal. Code, § 5657, making such roads public highways when they have been "worked and kept up at the expense of the public" for seven years, where it appears that for eleven years the way had been used exclusively for the convenience of one owner, a gate had been maintained across it, and not exceeding $20 or $25 of public funds had been expended on it during fourteen years.

Appeal from a judgment of the superior court for Mason county, Mitchell, J., entered May 8, 1912, upon findings in favor of the plaintiffs, in an action to restrain trespass. Affirmed.

*Marion Garland* and *Troy & Sturdevant*, for appellant.

*T. P. Fisk*, for respondents.

Parker, J.—The plaintiffs seek to have the defendant enjoined from trespassing upon their land by passing over it on what he claims to be a public highway. A trial upon the

[1]Reported in 130 Pac. 114.

merits resulted in judgment in favor of the plaintiffs as prayed for, from which the defendant has appealed.

For a period of some fourteen years prior to the commencement of this action, respondents had been the owners of a forty-acre tract of land, along the north line of which runs a county road. Appellant owns a forty-acre tract of land adjoining respondents' land upon the south, which he has owned for about eleven years. Prior to about fourteen years ago, a road ran across the land now owned by appellant, in an easterly and westerly direction, which road was abandoned upon the establishment of the county road to the north of respondents' land. Shortly after the abandonment of the old road and the establishment of the new one, respondents consented that two of their neighbors to the south, a Mr. Elison and a Mr. Barger, could use a roadway over their land to reach the new county road on the north. Respondent C. H. Saeger testified as to this agreement or understanding with his two neighbors as follows:

"After the county road was moved north of my place, Mr. Barger, who lived south of Elison's place had no road. I made an agreement with him and Mr. Elison that a private road should be made across my land and across Elison's land for the use of Barger and Elison. It was understood that it was to be a private road. After the road was fixed so as to be used, Elison fenced up the part on his land and would not let Barger out over him and I then refused to let Elison use the road over my land. It was agreed that the old road should be used until I should fence and clear my land and that then I would give a lane along the west side of my land."

The road was opened and improved sufficient for use by these neighbors near the west line of respondents' land, being in some places as much as eighty feet therefrom. Thereafter, some ten or eleven years before the commencement of this action, appellant commenced to use this road; and thereafter, but evidently long before the commencement of this action, Elison and Barger, who had acquired egress to a county road upon the west from their places, ceased the use of the

road here in question. This resulted in no one except appellant having any special interest in the use of this road. Appellant continued to use it until a short time before the commencement of this action, when it was closed by respondents' building a fence across it, and it is to prevent appellant's interference with the fence and the continued use of the road that this action was commenced.

For many years prior to the commencement of this action, the road was used practically exclusively for travel to and from appellant's place. This, in any event, was true after Elison and Barger ceased to use it. Respondents caused a gate to be maintained across the road, for a period of time which was less than seven years prior to the commencement of this action. Some small amount of work was done upon this road at the expense of the county. Without attempting to state in detail the evidence on this subject, we deem it sufficient to say that, during the entire period from the commencement of the use of it by Elison and Barger up until the time of the commencement of this action, the expenditure made by the county upon it, including the alleged working out of some poll tax, in no event exceeded $20 or $25, and even this expenditure, at least in considerable part, was based upon very doubtful authorization by the proper authorities of the county. The evidence also tends to show that the county has in recent years refused to recognize it as a public highway.

Counsel for appellant rest the right to have this road kept open for travel upon the theory that it is a public highway; that is, that it has been created such by prescription, and also by the use and maintenance thereof by expenditure of public funds thereon for seven years under § 5657, Rem. & Bal. Code. We are of the opinion that neither of these contentions can be successfully maintained. The seven-year statute relied upon makes such roads public highways only when they "have been worked and kept up at the expense of the public" for a period of not less than seven years. It

seems clear to us that, even conceding that public money has been expended upon this road to the extent claimed, it would not be sufficient to create it a public highway. It is suggested that in any event § 5657 is not prospective in its effect, but only relates to roads which had public money expended upon them in their maintenance prior to the passage of that section. We find it unnecessary, however, to decide that question. Nor do we think the public use of this road has been such as to create it a public highway by prescription. In the case of *Megrath v. Nickerson*, 24 Wash. 235, 64 Pac. 163, we held that, "to establish a highway by prescription there must be an actual public use, general, uninterrupted and continuous, under claim of right, for the term of years necessary to establish the right." It seems clear to us there has been no such use here shown.

The judgment is affirmed.

MOUNT, MAIN, GOSE, and CHADWICK, JJ., concur.