[No. 11567.  Department Two.  February 20, 1914.]

Ruth H. Fitts *et al.*, *Respondents*, v. Pierce County *et al.*, *Appellants.*[1]

Highways—Establishment—Prescription—Evidence—Sufficiency.  A county highway is not established by prescription, where it appears that, after the platting of property across which an old road had been used for many years by sufferance, the county commissioners, in 1891, vacated all the streets in the plat, which included the old road, after which part of the old road was used by permission for access to a cemetery until 1909, to the north and south of which the old road had been fenced for many years in many places without objection; the vacation by the county commissioners being a disclaimer of public rights.

Same—Establishment — Use — Public Work—"Lawful Road."  A "lawful road" by use for seven years if "worked and kept up at public expense," as provided by Rem. & Bal. Code, § 5657, is not established by the making of slight repairs to a plank bridge over a small creek as an accommodation to people using a cemetery, at an expense of $3.50, under an order reciting that it was not a county road, which was the only work done for the last fourteen years, although previous thereto some slight repairs were made one year at public expense, especially in view of the county's disclaimer of public right by vacation of a plat twenty-two years previously.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 10, 1913, upon findings in favor of the plaintiffs, in an action for equitable relief, tried to the court.  Affirmed.

*Lorenzo Dow, W. W. Keyes,* and *H. G. Fitch,* for appellants.

*Gordon & Remann* and *A. O. Burmeister,* for respondents.

Morris, J.—The question presented by this appeal is whether or not there is a public road through blocks 59 and 62, of the plat of Brookdale, in Pierce county.  These premises are a short distance south of Tacoma, and were owned by

[1]Reported in 138 Pac. 885.

respondents. The lower court held adversely to the county's contention, and it appeals.

The county relies on two grounds as establishing the public character of the road; (1) prescription, and (2) Rem. & Bal. Code, § 5657 (P. C. 441 § 91), providing that all public roads that have been used as such for not less than seven years, where the same have been worked and kept up at public expense, are declared to be lawful roads. The material facts are these: In 1868, there was a road leading south from Tacoma, known as the Old Muck road, which until 1891 was the main traveled road into the section of the county surrounding the premises in question. In 1891, a plat of Brookdale was filed, including the lands now owned by respondents. This plat showed the usual streets and alleys, and provided for two streets across blocks 59 and 62, the one on the north known as Elm street and the one on the south as Beach street. In this same year, the county commissioners, after proper notice, made and entered a formal order vacating all roads within the boundaries of the Brookdale plat, including the road in question. In 1893, Pacific avenue was laid out as a public road, and has since become the main traveled road to the section formerly served by the Old Muck road. To the south of respondents' premises, is an old cemetery, which was first opened as such in 1894 as a burial ground for the members of a Lutheran congregation. After the vacation of the road in 1891, the members of this congregation continued to use the Muck road to reach the cemetery, until about 1909, when, upon the petition of a number of residents in that vicinity, Brookdale avenue was opened up providing access to the cemetery, upon the ground, as stated in the petition, that no public road existed whereby this cemetery could be reached. Since that time, the evidence discloses that, outside of the use made of this Old Muck road in reaching the cemetery, there has been no general public use of the road. The lower court has found, and the finding is sustained by the record, that this use of the road to reach the cemetery was by per-

mission of the owners of these two blocks. It also appears that, to the north and south of these premises, this old roadway has been fenced in many places for many years, without any objection on the part of the county or any claim of a public highway. It also appears that the road supervisors, save one, did not regard the road as a public road subsequent to 1891. It is also shown that the vicinity of respondents' premises is a prairie country, and that, until the land was settled up, roads existed in almost every direction, each land owner seemingly taking the shortest route to reach his premises.

We are of the opinion that these facts, with others shown by the record, as we have not attempted to refer to all the evidence, sustain the finding of the lower court that there was no prescriptive right to this road as a public highway. The solemn act of the county commissioners in 1891 in vacating this road was a public disclaimer of any right in the public to use this road as a public highway. The permitting of its obstruction to the north and to the south of these premises, by the building of fences across it, was also a recognition of the fact that the county made no claim of a public highway. In fact, it is beyond question that any use of this road subsequent to 1891 was a mere convenient use by the sufferance of the owners of the land through which it passed. It is needless to say that such use does not establish prescriptive right. *Maggs v. Seattle*, 74 Wash. 323, 133 Pac. 388; *Dahlstrom v. Anderson*, 56 Wash. 575, 106 Pac. 127.

Neither do we think the county has shown such use and maintenance at public expense as to substantiate its claim of a public road under the seven-years' statute. The only evidence of any expenditure of public money during the past fourteen years is in the making of some slight repairs to a plank bridge over a small creek as an accommodation to the people who used the cemetery. This was done in 1908, the amount expended being $3.50. This work was done under orders from the county commissioners to "fix it up as cheap

as I could because it was not a county road," and was only "for the people of Parkland going to the cemetery." Other work was done in 1899 in repairing a small bridge over a little creek known as Dry Run, and in grading a little rise south of the creek, which was paid for out of county funds. It seems to us, however, that taking into consideration the public disclaimer in 1891, and the order to repair a small plank bridge at as little expense as possible because it was not regarded as a county road in 1908, these slight repairs during the past twenty-two years, only $3.50 of which has been within the last fourteen years, should not be held to establish a lawful road under the seven-years' statute.

The judgment is affirmed.

CROW, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.