[No. 23627. Department One. May 2, 1932.]

FRED HEBISH *et al., Respondents,* v. PACIFIC COUNTY *et al., Appellants.*[1]

*John I. O'Phelan* and *John J. Langenbach,* for appellants.

*Fred M. Bond,* for respondents.

MITCHELL, J.—Fred Hebish and his wife, at the time this action was commenced, were, and for a good many years had been, the owners of the south half of the southwest quarter of section twenty-six, township fifteen north, range nine west Willamette Meridian, in Pacific county. They brought this action against the county and its commissioners, alleging unlawful entry on the property by the defendants with the avowed purpose of improving what defendants erroneously claimed to be a public highway across the property.

The county answered, claiming the right to go upon the land to improve a road which they alleged had existed as a county road for more than twenty years, having been established by petition, survey and order, as provided by statute. It was alleged that the road

[1]Reported in 10 P. (2d) 999.

thus established commenced at the corner to sections twenty-five, twenty-six, thirty-five and thirty-six in the township mentioned, thence run west approximately three-fourths of a mile, thence northwesterly through plaintiffs' property leaving it on the west at a point south of the northwest corner of the southwest quarter of the southwest quarter of section twenty-six. It was further alleged in the answer that the county owned a right of way for a public road from a point on the highway thus established northerly to the south boundary of the northwest quarter of the southwest quarter of section twenty-six, which, as we understand from the record, the defendants claim to have been acquired by prescription.

On the trial, the finding and judgment of the court, after stating that the plaintiffs were the owners of the south half of the southwest quarter of the section twenty-six mentioned, were that the county owned a dedicated highway forty feet wide across the premises, such highway being particularly described in the judgment as follows:

"Beginning at a point that is North 29.12 feet and West 2611.52 feet of common corner Sections 25, 26, 35 and 36 T. 15 North Range 9 West of W. M. and running thence North 74 degrees 45' W. 153.3 feet; thence N. 77 degrees 45' W. 562.6, thence N. 38 degrees 36' W. 171.1, thence N. 57 degrees 21' W. 128.2 feet, thence N. 76 degrees 04' W. 92.5 feet, thence N. 57 degrees 21' W. 128.2 feet, thence N. 76 degrees 04' W. 92.5 feet, thence N. 31 degrees 36' W. 249.6 feet, thence N. 62 degrees 57' W. 183.1 feet, thence N. 42 degrees 57' W. 178.9 feet, and N. 31 degrees 25' W. 129.5 feet."

The defendants have appealed from the refusal of the court to find and include in the decree the existence of a public road by prescription, 537 feet in length, beginning from the point last mentioned in the description of the roadway described in the judgment, and

running thence north to the south line of the northwest quarter of the southwest quarter of section twenty-six, and appellants say in their written argument that the question to be determined on the appeal concerns only this alleged roadway, ''northward a distance of 537 feet.''

Certainly, the statutory proceedings for the establishment of a county road, referred to in the pleadings and evidence, do not include the 537 feet in controversy on the appeal. The locality is timber land, and from time to time, for a good many years, one or two settlers on the northwest quarter of the southwest quarter of this section used one of two rather indistinct trails, or ways, to get out to the established roadway on the south. But the shack or home of one of those settlers to the north was burned and afterwards was rebuilt considerable distance east from the old site. Then a new and rather indistinct trail was made south from the new house to the county road, within the last ten years before this action was commenced, and this latter route or trail is the one appellants are insisting upon now as a public road by adverse use or prescription.

There is conflict in the testimony as well as manifest confusion on the part of several of the witnesses, largely because of the two different ways or trails referred to by the witnesses and which the trial court alluded to at the close of the testimony. One Paul Zawadski owned the land to the north, which was later purchased by its present owner, one Summers. In this respect, an examination of the evidence justifies the comments of the trial court at the conclusion of the evidence, as follows:

''Paul Zawadski owned land and had a house built on the westerly portion of his land, which was approximately where the red pencil mark 'O' is on the map.

That house burned about 5 or 6 years ago, according to the testimony of Hebish, and one Summers, who succeeded Paul Zawadski in interest, constructed a house farther east on the same land, also shown by a cross, which is vague, however, and at the end of the ink line leading up from the aforesaid road established by the county commissioners. I think a large part of the testimony as to the user relates to the westerly road and which is not now the roadway in dispute; the westerly road or trail to Paul Zawadski's house, now burned, and is not available in support of the easterly road or trail to Summers. Therefore, the county's testimony in support of the contested roadway is much weakened, if not altogether eliminated.''

The testimony also shows that the respondents have collected pay several years from one or more parties to the north for the use of this 537 feet trail or roadway, and shows also that, during the time it has existed, respondents ordered different persons not to use it. Respondents also maintained a gate, or bars, across the way, and from time to time posted signs to keep off the road.

The burden was upon the appellants to prove by a preponderance of the evidence their right to this 537 feet of so-called roadway by prescription; and, in our opinion, notwithstanding some apparent conflicts in the evidence, the appellants have failed to meet that burden. The evidence, in our opinion, clearly preponderates in favor of the findings and judgment appealed from.

Affirmed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.