[No. 25303. Department Two. January 18, 1935.]

STEVENS COUNTY, *Appellant*, v. J. W. BURRUS *et al.*,
*Respondents.*[1]

*F. M. Turner, F. Leo Grinstead,* and *Wentz & Bailey,*
for appellant.

*John T. Raftis,* for respondents.

[1]Reported in 40 P. (2d) 125.

Holcomb, J.—This action was instituted by appellant to enjoin respondents from obstructing what is called the east branch of the H. P. Carlin road, situated upon the E½ NW¼ of section 8, township 37 north, range 41 E. W. M., in Stevens county, which land is owned by respondents, and to quiet title of the county to the road. After a trial to the court, it denied any relief to appellant and dismissed the action, from which judgment this appeal arises. The only error assigned is in denying appellant relief.

Although the trial court made no formal findings, it filed a memorandum opinion, brought here by appellant in both the statement and the transcript, which analyzes the issues and the evidence in the case very concisely and accurately.

On January 7, 1914, H. P. Carlin and twelve other property owners, among them one Perry F. Bowns, filed a petition to the board of county commissioners of Stevens county, asking the board to establish a public highway called the Carlin highway, and also an east branch thereof over a portion of the lands of Bowns, described as the east half of the northwest quarter of section 8, township 37, range 41, E. W. M. This petition describes the east branch of the Carlin road or highway as "Starting at the SE¼ of the NW¼, thence running in an easterly direction to join present Rocky Creek road." The county commissioners thereupon ordered the county engineer to make a survey and location of this east branch of the Carlin highway, which work was performed by him, and the report thereof was filed with the county auditor on May 30, 1914.

Thereafter, on June 8, 1914, the county commissioners ordered the east branch of the Carlin highway established as a highway, its location being shown over the lands of respondents by maps introduced in evi-

dence and marked as exhibits. For more than five years following the establishment of the east branch of the Carlin highway by the order of the board of county commissioners, nothing whatever was done or performed by the board, its road supervisors, or agents, in the way of opening up, constructing or improving this east branch highway.

Appellant urges that it is entitled to relief as prayed, upon five grounds: (1) a statutory establishment by the county commissioners; (2) a common law dedication by Bowns, predecessor in interest of respondents; (3) adverse possession for a period of more than ten years under claim of right and color of title; (4) user for more than seven years with the up-keep and working of the road at public expense under Rem. Rev. Stat., § 6494 [P. C. § 6016]; (5) respondents are estopped by their acts and the acts of Bowns, their predecessor in interest, to deny the county's right to the disputed road.

The disputed road comprises only 800 feet of the so-called east branch of the Carlin road, and connects with no other road to the east. Had it been opened, it would have lacked 143 feet of connecting with the Rocky Creek road as it was marked on the maps and plats before us and is also designated as road "E" in the record.

The county engineer who surveyed the road and made the report to the county commissioners did not survey the road as it was understood and desired it should be laid off and constructed at the time of filing the petition. The location of the road in the petition was uncertain. A Mr. Graham, the then county commissioner for that road district, asserted at the trial, as the reason for not constructing this branch road, as surveyed and approved within the period of five years after its establishment, was that Bowns had

agreed to the construction and establishment of the east branch road over and along the north line of the southeast quarter of the northwest quarter of section 8, which is called the red line road, which testimony was denied by Bowns.

The trial court stated that it appeared from the weight of the evidence before it that the statement claimed by Graham to have been made by Bowns concerning his willingness to have the road constructed along the north line of the southeast quarter, was not in fact correct; that Graham did, in good faith, misinterpret the language used by Bowns relating to the location of the east branch road over the north line of the southeast quarter. Moreover, as the trial judge said, Graham, as one commissioner, had no authority to change its location as petitioned for.

It is manifest that the statutory proceedings for the establishment of a county road, referred to in the evidence, did not include the 800 feet of road in controversy on this appeal. The land was timber land, and from time to time, for a good many years, some of the settlers used a portion of the road in going to and from saw mills doing logging, hauling logs and lumber and going to Colville, the county seat.

The statute relating to the vacation of highways by a nonuser, Rem. Rev. Stat., § 6510, provides:

"Any county road, or part thereof, which has heretofore been, or may hereafter be authorized, which remains unopen for public use for a space of five years after the order is made or authority granted for opening the same, shall be, and the same is hereby vacated, and the authority for building the same barred by lapse of time: . . ."

There is no evidence in this case of any record showing a formal opening of the 800 feet in controversy as a county road by any corporate authority of Stevens

424

county. The case is therefore governed by *Cheney v. King County,* 72 Wash. 490, 130 Pac. 893, and *Lewis v. Seattle,* 174 Wash. 219, 24 P. (2d) 427, 27 P. (2d) 1119.

Cases cited by appellant: *Everett Water Co. v. Powers,* 37 Wash. 143, 79 Pac. 617; *Kalinowski v. Jacobowski,* 52 Wash. 359, 100 Pac. 852; *Rhoades v. Barnes,* 54 Wash. 145, 102 Pac. 884; and *In re West Marginal Way, Seattle,* 109 Wash. 116, 186 Pac. 644, were based upon different facts and issues than this case and are not in point.

We must, therefore, conclude that the first contention of appellant that there was a statutory establishment by the county commissioners is untenable.

The question of a common law dedication of the disputed road by Bowns, the predecessor in interest of respondents, is principally a question of fact. The facts show and the court, in effect, found that there was no indication, as claimed by appellant, that at any time after 1914, did Bowns or his successors, by word or action, consent to the dedication or appropriation of any road by the county.

The trial court rejected the testimony of the former commissioner Graham and accepted that of Bowns.

Two things are necessary to constitute a valid common law dedication, namely: first, an intention on the part of the owner unequivocally to devote his land, or an easement in it, to a public use, followed by some act or acts clearly and unmistakably evidencing such intention; and second, an acceptance of the offer by the public. *Seattle v. Hill,* 23 Wash. 92, 62 Pac. 446; *Shell v. Poulson,* 23 Wash. 535, 63 Pac. 204; *Megrath v. Nickerson,* 24 Wash. 235, 64 Pac. 163; *Maggs v. Seattle,* 74 Wash. 323, 133 Pac. 388; *Lewis v. Seattle, supra.*

There is no definite and certain evidence in this case

to establish either one of the two essentials necessary to constitute a common law dedication. Hence, the trial court was correct in concluding that there was no common law dedication of the 800 feet of disputed road.

■ As to the third ground urged by appellant, a prescriptive right to a highway must be for a well defined way without interruption, or substantial change, for the statutory period of ten years under claim of right, adverse and exclusive. *Shell v. Poulson,* 23 Wash. 535, 63 Pac. 204; *Watson v. County Commissioners,* 38 Wash. 662, 80 Pac. 201; *Brandt v. Orrock,* 106 Wash. 593, 181 Pac. 35; *Hebish v. Pacific County,* 168 Wash. 91, 10 P. (2d) 999.

In the *Watson* case, *supra,* we followed the rule that, where the land is unenclosed prairie land, or, as in this case, timber land, vacant and unoccupied, the mere travel across it without objection from the owners does not enable the public to acquire a public road or highway over it. Such use is regarded as merely permissive, even though continued for a period of more than ten years. In other words, there must be something more than mere travel over unenclosed lands by the public in order to establish a public highway over the same by prescription. Those rules were reaffirmed in the *Brandt* case, *supra.*

The trial court, in effect, found in the memorandum opinion that the red line road now in dispute was stumped and traffic made passable for heavy logging traffic and such other travel as desired to use it by Bowns, a mill man named La Sota, and a logging concern called Wendorf & Rogers. The trial court also, in effect, found that Bowns did at no time object to the use of the red line roadway by others who might desire to use it, but at all times did object to the red line roadway being put to permanent use as a public

highway until the county should establish and construct a suitable highway across his land to connect the Carlin and Rocky Creek roads, because of the fact that such location would very materially damage the future use and development of the remaining portion of his land not taken for such highway purposes; that Bowns also blocked and obstructed traffic passing on the cutoff road at various times, and always objected to the use of it by the public; that this blocking and obstruction by Bowns of this cutoff road interfered in no manner with the use by the public of the red line road now in dispute. Up to the time in 1925 when Wendorf & Rogers abandoned the saw mill on the Bowns land, the red line roadway was considered by the public who used it as a private logging roadway over the land of Bowns and his successors in interest. The trial court therefore concluded that the claim of appellant to a prescriptive right in the public to the road was not well founded.

Under our cases above cited, that conclusion of the trial court must be sustained.

The contention that the county has acquired the road by usage for more than seven years with the up-keep and working of the road at public expense under Rem. Rev. Stat., § 6494 [P. C. § 6016], is also largely a question of fact, which the trial court resolved against appellant. In passing upon that phase of the case, the trial judge said that the work performed by the officers of appellant on the red line road was merely slight work once a year, incidental and very insignificant, being incidental principally to the repair and improvement of another road which was legally established and necessary to repair and maintain at the expense of the county.

The statute above quoted, so far as material, reads: "All public roads and highways in this state that

have been used as such for a period of not less than seven years, and are now so used, where the same have been worked and kept up at the expense of the public, are hereby declared to be lawful roads and highways. . . .''

The trial judge construed that statute as contemplating the application of more work and labor than merely the running of a grader over the roadway once a year; that it means careful supervision of the roadway by the district road supervisor and local repair work to be done in special localities of the roadway; that it means replacement and readjustment of portions of road material displaced by graders and by heavy loads of logs. The trial judge declared that the evidence in this case does not disclose that any such work was done upon this red line roadway during any of those years; and that, up to 1925, it was Bowns, or La Sota, or Wendorf & Rogers, who performed the necessary work upon the red line roadway and not at the public expense of the county.

Under such determination of the facts by the trial court, the seven year statute does not avail appellant. *Shell v. Poulson, supra; State v. Seattle,* 57 Wash. 602, 107 Pac. 827, 27 L. R. A. (N. S.) 1188; *Saeger v. Baldwin,* 72 Wash. 197, 130 Pac. 114; *Fitts v. Pierce County,* 78 Wash. 238, 138 Pac. 885.

The fifth ground relied upon by appellant, that respondents are estopped by their acts and the acts of Bowns, their predecessor in interest, to deny appellant's right to the disputed road, seems to us to be fully answered by the facts mentioned in discussing the four other propositions.

It is difficult to follow the argument advanced by appellant upon the last proposition, but among other things it is asserted that Bowns gave a waiver for a ''sort of roving description'' for the location of the

428

disputed east branch road; that the county made their selection and the survey was made. If Bowns gave a waiver for a "roving right of way," it would not be sufficient to give the commissioners legal jurisdiction to establish such a highway. *Megrath v. Nickerson, supra.*

From the facts and cases cited, we are bound to conclude that the judgment of the trial court was right.

Affirmed.

BEALS, STEINERT, and BLAKE, JJ., concur.