[No. 31071. Department Two. February 3, 1950.]

PAUL SHARP *et al., Respondents*, v. JERRY E. KIESZLING *et al., Appellants*, E. W. HOLBROOK *et al., Respondents*.[1]

[1]Reported in 214 P. (2d) 163.

*J. W. Graham*, for appellants.

*Chas. R. Lewis*, for respondents.

HILL, J.—At the point involved in this controversy, Bear creek flows between the properties belonging to Paul and Theresa Sharp and E. W. and Olive Holbrook. For at least fourteen years prior to the events here complained of, water had been diverted from the present main channel of Bear creek through a channel or ditch claimed to be a branch of Bear creek, across the Sharp property onto land now owned by Jerry E. and Mary E. Kieszling.

In August, 1947, Mr. Kieszling went onto the Sharp and Holbrook properties and placed a log across the creek, of which about 15¼ feet rested on the property of the Sharps and 7½ feet on the property of the Holbrooks. Mr. Kieszling also installed a line of 8-inch concrete pipe or tile to carry water from the end of the dam on the Sharp property to his own property, 144 feet of this pipe or tile line being on the Sharp property. He also placed 4-inch tile on the Sharp property, it being his intention to bury the 4-inch tile and make a permanent installation to divert water through it, using the 8-inch tile to carry the water while the 4-inch tile was being installed and, after that, only to carry off flood waters.

The Sharps brought this action for damages for trespass and to compel removal of the log dam and both the 8-inch and the 4-inch tile. The Holbrooks intervened, also alleging trespass, and claiming damage to their property by reason thereof. Lower riparian owners also intervened, but their rights were not adjudicated herein.

The Kieszlings denied the trespass, claiming a prescriptive right to maintain a diversion dam at or about the location of the log dam and that they had the right to go upon the properties of the Sharps and the Holbrooks for the purpose of maintaining the dam. The Kieszlings presented testimony that both Mr. Sharp and Mr. Holbrook had con-

sented to the installation of the log dam at its present location.

It is conceded that the Kieszlings have a right to a certain quantity of water from Bear creek. The trial court expressly held that they were entitled to have the question of their rights, if any, to the flow of water in the channel or ditch across the Sharps' land and onto their own, and their rights, if any, to the use of that channel or ditch for carrying water, "left open to later determination as by law and statute made and provided." In short, the trial court merely passed upon the trespass phase of the case and determined that the Kieszlings had no right to install a log dam across Bear creek on the Sharp and Holbrook properties, and that they had no right to place either the 8-inch or the 4-inch tile on the Sharp property, and that installing the dam and placing the tile constituted a trespass; and the court assessed nominal damages. The Kieszlings appeal.

Any consent to the installation of the log dam was denied by the Sharps and the Holbrooks, and the trial court, on conflicting evidence, held that there was no consent. While we are impressed by the frankness and good faith of the Kieszlings, we cannot say that the evidence on the question of consent preponderates against the findings of the trial court.

■ Unless the Kieszlings have established a prescriptive right to maintain an obstruction across Bear creek at or about the location of the present log dam, they have no defense to the trespass action. They rely upon the general rule set forth in *Wendler v. Woodard*, 93 Wash. 684, 161 Pac. 1043, that where the claimant has shown an open, visible, continuous, and unmolested use of land for a period of time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right so as to place upon the owner of the servient estate, in order to avoid acquisition of an easement by prescription, the burden of rebutting the presumption by showing that the use was permissive.

The rule relied upon by the appellants has been approved many times, but in numerous cases, and particularly in *Northwest Cities Gas Co. v. Western Fuel Co.*, 13 Wn. (2d) 75, 123 P. (2d) 771, and *State ex rel. Shorett v. Blue Ridge Club*, 22 Wn. (2d) 487, 156 P. (2d) 667, we made it clear that there is no presumption that the use is adverse when the lands in question are vacant, open, unenclosed, and unimproved.

The evidence established that in 1933 Ralph Culver, who then owned the land now owned by the Kieszlings, did some work on a gravel bar in Bear creek some fifteen feet below the log dam, to increase the flow of water into the channel that carried water to his land. At that time the land owned by the Sharps and Holbrooks was, Culver testified, wild land (vacant, open, unenclosed, and unimproved) owned by Puget Mill Company. This testimony was not controverted.

It is not necessary, however, to rely upon the fact that the land was vacant, open, unenclosed, and unimproved, because the Kieszlings did not move onto their property until 1939, and Mr. Culver, who was on the property from 1928 to 1939, expressly negatived any claim of right to go upon the Sharp property. The only diversion or dam concerning which Mr. Culver testified had to do with some work in connection with a gravel bar which served to divide the flow of the stream.

Whatever may be the rights of the Kieszlings to the waters of Bear creek, and their rights, if any, to have them flow through the channel or branch which leads to their property, it is clear that without the consent of the Sharps and Holbrooks, which the trial court found they did not have, they had no right to install the log dam or to place either the 8-inch or the 4-inch tile on the Sharps' property. The judgment ordering the dam and tile removed, with nominal damages only to the Sharps and the Holbrooks, is affirmed.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.