[No. 32836.   Department One.   July 19, 1954.]

JOE TODD, *Respondent*, v. WILLIAM STERLING *et al.*, *Appellants*.[1]

[1]Reported in 273 P. (2d) 245.

*Cunningham, Ries & Kenison,* for appellants.

*Campbell & Klasen,* for respondent.

OLSON, J.—Defendants have appealed from a decree, entered after a trial to the court, establishing that a public road over their land was acquired by prescription.

The trial court found that plaintiff and defendants own adjoining tracts of land in the same section in Grant county, Washington, in an area of about thirty-five hundred acres known locally as the "McConihie Flats"; that, in 1907, one McConihie selected a homestead in the section adjacent to the land owned by these parties; that, between 1907 and 1919, at least one or more settlers lived in this area and used the road in question; that the road ripened into a public road by adverse use for more than ten years prior to 1919; that, after that time, the settlers abandoned the area, but that the road was used periodically by sheep men, real-estate men, hunters, and fishermen until the resettlement of the area, which started some time in 1945 except for one settler who lived in the vicinity from 1933 to 1937; that, with the exception of small tracts cultivated by three settlers, the area remained in its natural state and as it was prior to 1907; that it was open and unenclosed land.

Plaintiff acquired his property in 1951. Defendants purchased their property in 1948. They blocked the road in question in 1952, where it crossed a field which they had cultivated, and this proceeding was commenced.

Defendants assign error to the finding of the trial court that the road "has been used openly, notoriously, continuously uninterrupted over a uniform route adverse to the owner of the lands from 1907 to 1919." It is not necessary for us to describe the road with particularity, in view of the fact that this assignment of error must be sustained.

■■ It is not plaintiff's theory that he has established a private right of way of necessity. There can be none over the land of a stranger, and plaintiff does not allege the basic element for the establishment of such a right of way, a common grantor, immediate or remote, of the lands owned by plaintiff and defendants. *Leinweber v. Gallaugher*, 2 Wn. (2d) 388, 391, 98 P. (2d) 311 (1940), and cases cited. Further, such a contention would be inconsistent with the assertion of acquisition of the right by prescription, based upon adverse use. See *Roediger v. Cullen*, 26 Wn. (2d) 690, 696, 175 P. (2d) 669 (1946), in which it is said that " 'The use of a way of necessity is permissive, and not adverse, and hence, is not the foundation of a prescriptive right.' "

■ It is well settled that a public highway over private property can be acquired by prescription. *Roediger v. Cullen, supra*, p. 701, and cases cited. The following rules governing such acquisition, pertinent to the case at bar, are set forth, and cases and authorities cited, in *Northwest Cities Gas Co. v. Western Fuel Co.*, 13 Wn. (2d) 75, 82 *et seq.*, 123 P. (2d) 771 (1942).

■ The period required in this state to establish such a prescriptive right of way is ten years. The question of adverse user is a question of fact. When one enters into possession of the land of another, it is presumed that he does so with permission of the owner. Prescriptive rights are not favored in the law, and the burden of proof is upon the one who is to be benefited by the establishment of such right.

The claimant must prove that his use of the other's land has been open, notorious, continuous, and uninterrupted over a uniform route adverse to the owner of the land sought to be subjected, and with the knowledge of such owner when he was able, within the law, to assert and enforce his rights. Proof of the other elements creates a presumption that the use was adverse, unless otherwise explained. The burden is upon the owner of the servient estate to rebut this presumption by showing that such use was permissive.

However, this latter rule does not apply to vacant, open, unenclosed, unimproved lands. In such cases, mere use of a way over the land of another, in the manner and time required to establish prescriptive rights, will not of itself give rise to the presumption that the use has been adverse or, as sometimes expressed, to a presumption of a grant. (*Sharp v. Kieszling*, 35 Wn. (2d) 620, 623, 214 P. (2d) 163 (1950), citing *Northwest Cities Gas Co. v. Western Fuel Co.*, *supra*, and *State ex rel. Shorett v. Blue Ridge Club*, 22 Wn. (2d) 487 [p. 494], 156 P. (2d) 667 (1945).) In such cases, adverse user is not inferred, but evidence is required of facts or circumstances indicating that the user was indeed adverse and not permissive, or that the owner has indicated, by some act, his admission that the claimant has a right of easement.

While it is difficult to follow the testimony from the statement of facts, because all of the "indications" of the witnesses on the map exhibits are not preserved, there is no doubt that the land over which it is sought to establish the road in question was wild, vacant, open, unenclosed, and unimproved land. This was true not only during the period from 1907 to 1919, during which the trial court found the prescriptive right to the road had been established and matured, but was also true during subsequent years until 1945.

There is no evidence of the ownership of defendants' land during any of the period in question. We do not know when it was taken out of the public domain. See *Roediger v. Cullen, supra*, p. 705. In any event, it must be said that plaintiff has proved no act of any owner of this land which

would indicate that the use of the road was other than permissive.

Mere travel over the unenclosed land is all that plaintiff has shown to establish his right. This is insufficient. Travel over wild, unoccupied land is not notice to an absent owner, and cannot be relied upon to change a use regarded as permissive in its inception, to one which can be said to be adverse to the owner, in support of the establishment of a roadway by prescription. *Brandt v. Orrock,* 106 Wash. 593, 598 *et seq.,* 181 Pac. 35 (1919); *Stevens County v. Burrus,* 180 Wash. 420, 425, 40 P. (2d) 125 (1935); *King County v. Hagen,* 30 Wn. (2d) 847, 854, 194 P. (2d) 357 (1948). Also, see the cases and authorities cited in these opinions, and the decisions previously cited in this opinion.

Consequently, the decree establishing this road as a public highway must be, and is, reversed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.